JOHN W. ERICKSON, *Plaintiff in Error, v.* INSURANCE COMPANY OF NORTH AMERICA, FIRE ASSOCIATION OF PHILADELPHIA, *and* THE PHILADELPHIA UNDERWRITERS CORPORATION OF PENNSYLVANIA, *Defendants in Error.*

JOHN W. ERICKSON, *Plaintiff in Error, v.* THE CITIZENS INSURANCE COMPANY OF MISSOURI, A CORPORATION, *Defendant in Error.*

1. Where insurance policies have been held void at law by this court in actions on the policies, by reason of facts set up, that the insured was not the unconditional and sole owner of the insured property when the policies were issued, he having before contracted to sell and convey the property to another, the attempt after the cases were remanded to avoid this defense by pleading that in fact the agent of the insurance companies knew of the said contract to sell and convey and the real interest of the parties under said contract when the policies were issued, and waived the condition of sole ownership contained in the policies, is unavailing to give life to the policies, in actions at law on said policies.

2. Where the Circuit Judge overruled demurrers to replications, and subsequently sustained demurrers to a second set of replications setting up practically the same matters as in the first, his action was equivalent to a recovaotin of his first ruling.

This case was decided by Division B.

Writ of Error to the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the court.

*C. C. Chillingsworth* and *Geo. M. Robbins,* for Plaintiff in Error;

11—Vol. 62

*Cockrell & Cockrell*, for Defendants in Error.

HOCKER, J.—These cases were before this court at the June Term, 1905, and the decision of the court is found in 50 Fla. 419, 39 South. Rep. 495. As was stated in that opinion the pleadings and issues in the two cases are substantially the same. It was held in the former opinion that the pleas setting up the fact that prior to the taking out of the fire insurance policies Erickson had contracted to sell and convey the property on which the insurance was taken out to one W. L. Burch rendered the policies void at law by reason of the provision contained therein, "This entire policy unless otherwise provided by agree-ment indorsed hereon or added hereto shall be void if the interest of the insured be other than unconditional and sole ownership." For this reason the judgments below were reversed and the cases remanded. After the case was sent back to the Circuit Court the plaintiff filed replications to these pleas, setting up in substance that at the time of the execution of this policy the insurance company through its agent, Robert R. Taylor, by and through whom they entered into the contracts of insurance, was already informed and knew of the sale of the property to Burch and that the sale was a true sale, and notwithstanding wrote up said policies and received the premiums as a consideration for the insurance and suffered the plaintiff to believe he was insured until after the fire, and that thereby the defendant companies were estopped to claim the policies were void. The replications further set up that the plaintiff Erickson had executed the contract of sale with Burch, deducting $2,000.00, the amount of the insurance, in reliance on said contracts of insurance.

These replications were demurred to on twenty grounds,

covering every possible objection to them, among others that they constituted a departure in pleading, and that they attempted to make valid contracts held void by the former decision of this court by means of estoppel.

These demurrers were overruled and the defendant company given leave until Rule Day in December, 1908, to plead as it might be advised. On the 7th of December, 1908, the defendant company joined issue on the plaintiff's replications, and also filed several rejoinders thereto. On the same day the defendants, with leave of the court, as alleged, filed four additional pleas. These pleas set up the contract between Burch and Erickson, which is set up in the original pleas, which was passed upon by this court in its former opinion, and certain allegations based upon the construction given said contracts in said opinion. The pleas substantially repeat the issues made in the first pleas. A motion to strike these pleas was made and overruled. On the first of January, 1909, the plaintiff filed replications to the additional pleas substantially setting forth the facts contained in the replications to the first pleas. On the 10th of August, 1909, the plaintiff filed other replications substantially embracing the facts set forth in the replications of first of January, 1909, and other facts, all of which are in substance but a repetition of the facts set forth in the replications to the first pleas. A demurrer was filed by the defendant company to these replications filed August 10th, 1909, and on the 8th of June, 1911, the court sustained said demurrer in the following order:

"In the Circuit Court, Dade County, Florida.
John W. Erickson, Plaintiff,

v.

Insurance Company of North
America, a corporation, and
Fire Association of Phila-
delphia, a corporation, De-
fendants.

### Final Judgment.

This cause coming on again to be heard and it appear-
ing that an order has been made sustaining the demurrer
of defendants to the replications filed by plaintiff August
10, 1909, to the 1st. 2nd, 3rd and 4th additional pleas of
defendants filed December 7, 1908, said replications being
amended replications the replications first filed to said
pleas having been considered bad,

It is thereupon considered that the defendants are en-
titled to final judgment on said demurrer, it is considered
that the defendants have final judgment on said demurrer
and that the plaintiff, John W. Erickson, have and re-
cover nothing of the defendants and that the defend-
ants, Insurance Company of North America, a corpora-
tion, and Fire Association of Philadelphia, a corporation,
go hence without day and have and recover of and from
the plaintiff their costs herein taxed at $16.44, for which
let execution issue.

This 8th day of June, 1911.

(Signed)    Minor S. Jones, Judge."

A writ of error was sued out from this judgment.

We shall not undertaken to discuss in detail the as-
signments of error having their basis in an unusual meth-

od of pleading, but keep in mind the real issue in the case. This court in its former opinion as has been said, held that as a matter of law the insurance contract sued on was void at law because Erickson was not at the time it was executed the sole and unconditional owner of the property which was insured. The attempt to give life to a policy void at law, by the application of the doctrine of estoppel or waiver may find some support in the decisions of some courts, but it seems to us that under our system of pleading and practice, where courts of law and courts of equity have separate functions and jurisdictions, this can not be done. The jurisdiction over the correction of mistakes in the making of contracts is peculiarly one of chancery. If the facts set forth in the replications, to the pleas of the Insurance Company are true, they will afford ground for the reformation in equity of the insurance contract, and will authorize the chancery court to reform the contract and make it payable to Burch or Erickson, as upon a hearing their interest might be found to exist, unless there exists some proper defense to such a proceeding. This procedure will be in accord with the doctrine laid down in Phoenix Ins. Co. v. Hilliard, 59 Fla. 590, 52 South. Rep. 799, and Taylor v. Glens Falls Ins. Co., 44 Fla. 273, 32 South. Rep. 887.

There are some technical objections presented here arising out of the pleading. There was an issue joined to the replication to the first plea. It was never formally withdrawn. But it seems to us there is no reversible error because judgment was entered by the court with that issue technically undisposed of. As we have said the second set of pleas of defendant company practically presented the same defense as the first pleas. The

second set of replications presented practically the same defense as the first. The order of the court sustaining the demurrer to the second set of replications was a practical retraction of his order overruling the demurrer to the first set of replications. We do not think the judgment should be reversed because this technical joinder of issue was not actually withdrawn or set aside, as the real issue in the case was disposed of by the last order of the trial Judge and the final judgment. Franklin Phosphate Company v. International Harvester Company of America, decided at this term.

The judgment below in both of said cases is affirmed.

TAYLOR, P. J., and PARKHILL, J., concur;

WHITFIELD, C. J., and SHACKLEFORD, J., concur in the opinion.

COCKRELL, J., being disqualified, took no part.