JOHN W. ERICKSON, *Appellant,* v. INSURANCE COMPANY OF NORTH AMERICA *et al., Appellees.*

JOHN W. ERICKSON, *Appellant,* v. CITIZENS INSURANCE COMPANY OF MISSOURI, *Appellee.*

Opinion Filed November 18, 1913.

1. Where the face of a bill in chancery shows a case barred by the statute of limitations, and no circumstances are stated which take the case out of the operation of the statute, the defendant may take advantage of it by demurrer.

2. Where suit to reform and enforce a fire insurance policy is not commenced within five years from the accrual of the right of action, or within one year after a judgment at law for the plaintiff on the policy has been reversed on appeal or writ of error, the suit is barred by the statute of limitations; and as equity follows the law a failure to bring the suit within the statutory period is under the circumstances laches.

Appealed from Circuit Court, Dade County; L. W. Bethel, Judge.

Decrees affirmed.

*Rufus M. Robbins,* for Appellant;

*Cockrell & Cockrell,* for Appellees.

WHITFIELD, J.—Erickson recovered judgments in actions at law against the insurance companies on policies of insurance for a loss occurring in 1903. These judgments were reversed here in 1905, because it was shown upon appropriate pleas that the interest of the insured was not an "unconditional and sole ownership" of the

property insured as conditioned in the policies, and that consequently the policies were void at law, whatever may be their effect in equity. Insurance Co. of North America v. Erickson, 50 Fla. 419, 39 South. Rep. 495. Subsequently in the same actions at law the plaintiff endeavored by replications filed in the causes to show liability through allegations of waiver and estoppel. Judgments for the defendants on demurrer were affirmed in the causes by this court January 30th, 1912. Erickson v. Ins. Co. of North America, 62 Fla. 161, 57 South. Rep. 340.

On March 14th, 1912, Erickson brought suits in equity for the reformation and enforcement of the policies. It is alleged in the bills of complaint seeking reformation and enforcement of the policies that the loss occurred September 6th, 1903, and that liability on the policies was denied September 17th, and 22nd, 1903.

Among the grounds of the demurrers to the bills of complaint are specifications that "it affirmatively appears that the statutory period within which to bring suit had passed before the bill was filed" and that "it affirmatively appears from the bill that the plaintiff has been guilty of laches in filing this bill." The demurrer was sustained and the plaintiff appealed therefrom.

Where the face of a bill in chancery shows a case barred by the statute of limitations, and no circumstances are stated which take the case out of the operation of the act, the defendant may take advantage of it by demurrer. Dees v. Smith, 55 Fla. 652, 46 South. Rep. 173.

In Section 1715, of the General Statutes of 1906, it is provided that "if an action shall be commenced within the time prescribed therefor, and a judgment therein for

the plaintiff is reversed on appeal or writ of error, the plaintiff, *. * * may commence a new action within one year after the reversal."

It is contended that as the judgments obtained by the plaintiff below were reversed in 1905, and subsequent judgments for the defendants in the same actions were affirmed in January, 1912, and these suits were instituted in March, 1912, the above quoted statute is applicable on the theory that the affirmance in 1912 of the judgments for the defendants, only made effective the reversal in 1905 of the judgments which the plaintiff had theretofore obtained. But this argument is not sound. The reversals in 1905 of the plaintiff's judgments were not in any way superseded or suspended by appellate proceedings or otherwise. Such reversals became effective upon the filing of the mandate of this court in the trial court in 1905. The plaintiff did not then "commence a new action within one year after the reversal," as authorized by the statute; but he sought to again contest the validity of the policies in the same actions at law by filing new replications setting up liability because of waiver and estoppel. In this he failed in the lower court whose judgments were affirmed here in January, 1912.

It is not alleged that conduct of the defendants or other circumstances justified the plaintiff in not bringing these suits in equity at any earlier day. Section 1725, of the General Statutes of 1906, provides that actions "upon any contract, obligation or liability founded upon an instrument of writing not under seal . . . . . . . . . . can only be commenced . . . . . . . . . . . within five years."

As equity follows the law, and as the alleged causes of action accrued in 1903, and the only judgment for the plaintiff in actions thereon having been reversed in 1905,

and their reversal not suspended, and as these suits were begun in 1912, the five years statute of limitations applicable to actions *ex contractu* on insurance policies, being contracts in writing not under seal, is a bar to these suits, no circumstances being shown that in law take the cases out of the operation of the statute.

In not bringing these suits in equity for over six years after the adjudication here in 1905 that the policies were void at law, laches appear; and the supposition of the plaintiff that he could again contest the validity of the policies in a court of law, by showing waiver and estoppel, account for but do not excuse the long delay.

The decrees are affirmed.

ALL CONCUR, except COCKRELL, J., Disqualified.