THE STATE OF FLORIDA, *Appellant,* v. FLORIDA EAST COAST RAILWAY, A CORPORATION, *Appellee.*

Opinion Filed June 24, 1920.

Petition for Rehearing Denied December 7, 1920.

The provision of Section 11, Chapter 6527, Acts of 1913, that "all suits under *this Act* shall be brought within two years after the commission of the alleged wrong or injury, except in cases where the Railroad Commissioners have heretofore been or shall hereafter be, by refusal of such railroad or common carrier to observe the rates, rules, schedules or regulations by the Railroad Commissioners, compelled to resort to suits to enforce such rates, rules, schedules or regulations, and in such cases suits for such loss, damage, or penalty may be brought within twelve months after the termination of such suits in favor of the Railroad Commissioners," does not apply to suits brought under Chapter 5616, Acts of 1907, "to compel" "accountings and payments" by common carriers for transportation charges collected from individuals in violation of rates fixed by the Railroad Commissioners under the statute. Such special statute of limitations not being applicable, the general statute of limitation was properly applied by the trial court in an accounting there being had pursuant to the provisions of Chapter 5616, Acts of 1907.

An Appeal from the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Order affirmed.

*Dozier A. DeVane,* for Appellant;

*W. A. Blount* and *Scott M. Loftin,* for Appellee.

WHITFIELD, J.—A suit was brought in the name of the State of Florida by the Railroad Commissioners, under

Chapter 5616, Laws of Florida, 1907, amending Section 2921, Chapter 5, General Statutes of 1906, to account for and adjust by payment overcharges collected from numerous persons for transportation of freight in violation of Rule 19 prescribed by the Railroad Commissioners. An order overruling a demurrer to the bill of complaint was affirmed by this court. Florida East Coast R. Co. v. State, 77 Fla. 571, 82 South. Rep. 136.

The Chancellor made the following order for an accounting:

"This cause coming on to be heard on this day, and it appearing to the court that the defendant has filed no plea or answer to complainant's bill, as required by order of this court, made the 8th day of November, 1917, and the time for filing the same having expired; and thereupon on motion of complainant's solicitor, it is ORDERED, ADJUDGED and DECREED that the said bill be taken as confessed.

"It is further ORDERED, ADJUDGED and DECREED that this cause be referred to Chas. S. Adams, Special Master in Chancery of this court, to take account of all dealings and transactions to which the complainant is entitled to relief in this case, for the better clearing of which account the defendant and its agents and employees are directed to produce before the said Master, upon oath, all bills of lading, waybills, books, papers, and writings in its or their custody or power relating thereto, including the names of all persons for whom the defendant has carried any commodity between the 22nd day of October, 1921, and the 15th day of November, 1916, subject to Rule 19, of 'Rules Governing the Transportation of Freight,' adopted and promulgated by the Railroad Commissioners of the State of Florida, as set forth in the

bill of complaint herein, and the amount that the defendant has charged to each and every shipper or consignee of commodities subject to the provisions of said Rule 19, between the dates last aforesaid without making the reduction of ten and twenty per cent. provided and prescribed by said Rule, and are to be examined as the said Master shall direct; who in taking the said account is to make report upon the balances due separately to each and every shipper or consignee, to be paid over to the person to whom it is due in accordance with the statute in such cases made and provided and the further order of this court. And the court reserves the consideration of the costs of this suit, and of all other directions until after the said Master shall have made his report."

The complainant presented the following petition:

"The State of Florida, by Dozier A. DeVane, Special Counsel for the Railroad Commissioners of the State of Florida, by them designated to sue in their behalf, represents unto the court, that upon a bill of complaint filed in said cause on the 3rd day of April, 1917, an order and decree was entered by this court, requiring the defendant to account to the plaintiff for all overcharges collected by the defendant between October 22, 1912, and November 15, 1916, during which time the defendant disobeyed and disregarded Rule 19 of 'Rules Governing the Transportation of Freight.'"

"Complainant further represents unto your Honor, that an appeal was taken from the decree of this Honorable Court to the Supreme Court of the State of Florida, and by which appeal the decision of this court was affirmed by the said Supreme Court.

"Whereupon this matter coming on for accounting, in

accordance with the decree of this court of December 14, 1917, the defendant has declined and refused to account for any overcharges collected by the defendant prior to April 7, 1914, and claims that all overcharges collected prior to that date are barred·by the statute of limitations.

"WHEREFORE, your complainant prays an order of the court in the premises, directing the said defendant, the Florida East Coast Railway Company, to· account to the complainant, as it is required to do by the decree of this court of December 14, 1917, for all overcharges collected by it between October 22, 1912, and November 15, 1916, during which time it· disobeyed and disregarded Rule 19, as .aforesaid."

The Special Master appointed· reported· as follows:

"Comes now Charles S. Adams, Special Master in Chancery, and reports unto the court that on the 14th day of December, 1917, this Honorable Court made and entered a decree in the above entitled cause, directing the defendant, the Florida East Coast Railway Company, a corporation, to· account. to the complainant for all overcharges collected by it between the 22nd day of October, 1912, and the 15th day of November, 1916, in violation of Rule 19, of the 'Rules Governing the Transportation of Freight' adopted and promulgated by the Railroad Commissioners of Florida, and that in and by said decree your petitioner was appointed Special Master in Chancery of this court to take such accounting.

"Your petitioner further reports unto the court that said matter coming on before your petitioner for an accounting, the defendant, Florida East Coast Railway Company, declined to account for any overcharges collected by it prior to April 7th, 1914, and claimed that all

overcharges collected prior to that date were and are barred by the statute of limitations. A copy of the notice of the defendant, declining to account for such overcharges collected prior to April 7th, 1914, is hereto attached, marked Exhibit 'A.'

"Your petitioner further shows that under and by the decree appointing petitioner Special Master in Chancery in said cause, your petitioner is directed to require the defendant to account for all overcharges collected by it between the 22nd day of October, 1912, and the 15th day of November, 1916.

WHEREFORE, your petitioner applies to the Court for further instructions in the premises.

Respectfully submitted,

CHAS. S. ADAMS,
Special Master in Chancery.


"EXHIBIT 'A'

"In the Circuit Court of Duval County, State of Florida.

"STATE OF FLORIDA VS. FLORIDA EAST COAST RAILWAY COMPANY, A CORPORATION.

Accounting—Rule 19.

"To Honorable Charles S. Adams,

"Special Master in Chancery:

"Now comes the defendant, Florida East Coast Railway Company, by its solicitors, and in response to the demand made that it account for all overcharges collected by it prior to April 7th, 1914, under the decree of accounting made herein, alleges:

"That this action was begun on April 7th, 1917, as shown by the record herein; and that all overcharges collected prior to April 7th, 1914, are barred by the statute of limitations controlling actions of this kind, to-wit, the three year statute.

"Wherefore defendant respectfully declines to account for any overcharges collected by it prior to April 7th, 1914, and prays that it may not be required so to do."

The chancellor made the following order:

"This cause coming on for further hearing upon the report of Charles S. Adams, Special Master in Chancery, stating that the Florida East Coast Railway Company, defendant, has declined to account for any overcharges collected by it prior to April 7th, 1914, claiming that all overcharges collected prior to that date were and are barred by the statute of limitations controlling in actions of this kind, to-wit, the three year statute, and asking for instructions in the premises, and the court having heard arguments of counsel for the respective parties hereto, the Court finds and concludes that the three year statute of limitations applies, as claimed by defendant.

"In consideration whereof, it is ordered, adjudged and decreed that the Special Master in Chancery do not require the defendant to account for any overcharges collected by it prior to April 7th, 1914."

From this order the plaintiffs appealed and assigned errors as follows:

"FIRST: The Court erred in overruling the petitions of the complainant requesting the Court to direct the defendant to account in said cause as decreed by the Court in its decree of December 14th, 1917.

"SECOND: The Court erred in the rendition of said interlocutory decree in its finding and holding that all accounts prior to April 7th, 1914, were barred by the statute of limitations.

"THIRD: The Court erred in its said decree holding that the statute of limitations 'had run against any overcharges collected by the defendant between the 22nd day of October, 1912, and the 15th day of November, 1916, in violation and disregard to Rule 19 of the 'Rules Governing the Transportation of Freight,' adopted and promulgated by the Railroad Commissioners of the State of Florida."

The statute under which this suit was brought is as follows:

"CHAPTER 5616—(No. 21).

"AN ACT to Amend Section 2921, Entitled 'Mandamus, Injunction, etc.,' Chapter 5, Entitled 'Railroad Commissioners,' of the General Statutes of the State of Florida, Relating to the Institution and Maintenance by the Railroad Commissioners of Proceedings Against Common Carriers.

*"Be It Enacted by the Legislature of the State of Florida:*

"Section 1. That Section 2921, entitled 'Mandamus, Injunction, etc.,' Chapter 5, entitled 'Railroad Commissioners,' of the General Statutes of the State of Florida, is hereby amended so as to read as follows:

"2921. Mandamus, Injunction, Etc.—Said Commissioners may, at their discretion, cause to be instituted in any court of competent jurisdiction in this State, by the

27—Vol. 8C

Attorney General, State Attorney or special counsel, designated by them, in the name of the State, proceedings by or for mandamus, injunction, mandatory injunction, prohibition or procedendo, against any such company or common carrier subject to the provisions of this Chapter, or against any office or officer, agent or agents thereof, to compel the observance of the provisions of this Chapter, or any rule, rate or regulation of the Commissioners made thereunder, or to compel the accounting for and refunding of any moneys exacted in violation of any one of the provisions of this Chapter. In all cases where any common carrier shall have become indebted or liable for damages to a large number of persons by reason of its failure to abide by or comply with the provisions of any rule, rate or regulation of the Commissioners, or by its violation of any provisions of this Chapter, it shall be the duty of the Railroad Commissioners to demand of such common carrier by written notice served upon it, a discoverey of the names of all such persons and an acounting and payment to all such persons of all such indebtedness or damages, and if such common carrier shall refuse or shall fail to make such accountings and payments within sixty days after such notice shall have been served upon it, it shall be the duty of the Railroad Commissioners to institute a proceeding or proceedings by or for mandamus or mandatory injunction against such common carrier to compel the making of such accounts and payments, and in any such proceeding upon an adjudication against such common carrier there shall be taxed as costs and paid over to the Railroad Commissioners to be paid out by them all such costs, attorneys' fees and expenses of such proceedings as shall appear to the court reasonable under all the circumstances and necessary to effect such accounting and settlement without cost or expense to the

State or to the claimants, and the courts shall make all such orders as may be necessary or advisable to secure an accounting and payment of costs and damages as full and complete as may appear to be practicable, and any money not paid over to the persons to whom it shall be due within thirty days after such payment shall have been ordered made, shall be paid into the registry of the court to be disbursed to the proper persons upon orders of the court. And said Commissioners are hereby given and granted full authority to do and perform any act or thing necessary to be done to effectually carry out and enforce the provisions and objects of this Chapter.

"Sec. 2. This Act shall take effect immediately upon its passage and approval by the Governor.

"Approved June 3, 1907."

Chapter 5624, Acts of 1907, amending Section 2910, Chapter 5, General Statutes of 1906, provides that "all suits under this Chapter shall be brought within twelve months after the commission of the alleged wrong or injury, except in cases where the Railroad Commissioners have heretofore been, or shall hereafter be, by the refusal of such railroad or common carrier to observe rates, rules, schedules or regulations, and in such cases, suits for such loss, damage or penalty may be brought within twelve months after the termination of such suits in favor of the Railroad Commissioners."

The limitations in Chapter 5624 are expressly made applicable to "all suits under this Chapter," which may mean Chapter 5 of the General Statutes of 1906, that is amended by Chapter 5624.

Chapter 6527, Acts of 1913, without express reference to the Chapter of the General Statutes, of 1906, amended

stated sections of the General Statutes of 1906, including Section 2910 that had been amended by Chapter 5624, Acts of 1907, and repealed "all laws in conflict with the provisions of" Chapter 6527. Section 2910, General Statutes of 1906, as amended by Chapter 6527, provided that "all suits under this Act shall be brought within two years after the commission of the alleged wrong or injury, except in cases where the Railroad Commissioners have heretofore been or shall hereafter be, by refusal of such railroad or common carrier to observe the rates, rules, schedules or regulations by the Railroad Commissioners, compelled to resort to suits to enforce such rates, rules, schedules or regulations, and in such cases suits for such loss, damage, or penalty may be brought within twelve months after the termination of such suits in favor of the Railroad Commissioners."

This limitation does not expressly refer to suits brought under Section 2921, as amended by Chapter 5616, Acts of 1907. Chapter 6527 does not amend Section 2921, Chapter 5, General Statutes of 1906, that was amended by Chapter 5616, Acts of 1907.

It thus appears that Chapter 6527 does not include amended Section 2921, General Statutes of 1906, under which this suit was brought, and that Chapter 6527 amended Section 2910, General Statutes of 1906, as previously amended by Chapter 5624, so as to make it applicable only to "all suits under this *Act,*" necessarily meaning Chapter 6527 and not Chapter 5, General Statutes of 1906, which latter Chapter was probably referred to by the limitations contained in Section 2910, as amended by Chapter 5624, Acts of 1907, where the limitation was extended to "all suits under this Chapter." Chapter 5624, Acts of 1907, expressly refers to Chapter 5,

General Statutes of 1906, and makes the limitation applicable to "all suits under this *Chapter*." Chapter 6527 does not in terms refer to Chapter 5 of the General Statutes of 1906, and confines the limitation to "all suits under this *Act*," and repeals all conflicting laws.

The necessary result is that Section 2910, General Statutes of 1906, as amended by Chapter 5624, Acts of 1907, is superseded by Section 2910, as amended by Chapter 6527, Acts of 1913; and as the latter Chapter does not include Section 2921, General Statutes of 1906, as amended by Chapter 5616, under which this suit is brought, and as Section 2910, as amended by Chapter 6527, Acts of 1913, confines the limitation to suits under "*this Act*," meaning Chapter 6527, such limitation is not applicable to this suit, which is brought under Section 2921, General Statutes of 1906, as amended by Chapter 5616. The special statute of limitations not being applicable, the general statute was properly applied by the trial court.

The organic right of the carrier to immunity from heavy fines while it was duly testing the validity of the rates complained of as being confiscatory, did not preclude the Railroad Commissioners from bringing suits of this nature under the statute, for the benefit of shippers, to require an accounting for and payment of overcharges made in violation of the prescribed rates being tested as to their constitutional validity. The rates were *prima facie* valid, and violations of the rates could be redressed until the rates were duly adjudged invalid. Therefore, the running of the statute of limitations against the shippers, for whose benefit this suit was brought, was not suspended while the validity of the rates was being contested in the courts in mandamus proceeding (Florida East

Coast R. R. Co. v. State, 79 Fla. 66, 83 South. Rep. 708),
brought by the Railroad Commissioners against the car-
rier to enforce the prescribed rates in violation of which
the overcharges, here sought to be redressed, were made
by the carrier.

Affirmed.

BROWNE, C. J., AND TAYLOR, J., concur.

ELLIS AND WEST, J. J. Dissent.

On application for rehearing.

PER CURIAM.—In an application for rehearing, it is
urged that as the statute provides that "in all cases where
any common carrier shall have become indebted or liable
for damages to a large number of persons by reason of its
failure to abide by or comply with the provisions of any
rule, rate or regulation of the Commissioners, or by its
violation of any provisions of this Chapter, it shall be the
duty of the Railroad Commissioners to demand of such
common carrier by written notice, etc.," and that as the
carrier contested the validity of the rule that was vio-
lated in making the overcharges, the carrier did not be-
come "indebted or liable for damages" so the Commis-
sioners could bring suit under the statute until the valid-
ity of the rule was ultimately established in the litiga-
tion, and that consequently no statute of limitations ran
against the excess charges collected until after the end
of the litigation establishing the validity of the rule and
that since the validity of the rule has been established
no statute has run to bar the claims here involved.

But the carrier became "indebted and liable" for the

overcharges when they were collected. The rule was *prima facie* valid, and when its validity was duly established, it was valid *ab initio*. The statute does not require the Commissioners to delay bringing suits for overcharges until the rule violated by making the overcharges has been judicially held valid.

While undue penalties for violating the rule could not be enforced pending a judicial inquiry into the validity of the rule, yet the remedy for overcharges collected was not superseded. And the validity of the rule could have been tested in such suits for overcharges.

Rehearing denied.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.