### McCALEB v. FOX FILM CORPORATION.

(Circuit Court of Appeals, Fifth Circuit.   May 20, 1924.)

No. 4078.

1. **Copyrights ⟨⟩39—Dramatizing and copyrighting work in public domain does not give exclusive right to original work.**

Under Act March 4, 1909, § 6 (Comp. St. § 9522), person dramatizing and copyrighting work in public domain does not acquire exclusive right to use of title and contents of original work, but such right is limited to new matter.

2. **Courts ⟨⟩375—Limitation prescribed by state law governs action for infringement.**

As present Copyright Law (Comp. St. § 9517 et seq.) prescribes no period of limitation for suing for infringement, such actions are governed by limitations prescribed by state law.

3. **Equity ⟨⟩87(1)—Courts, in cases of concurrent jurisdiction, bound by statute of limitations.**

In cases of concurrent jurisdiction, equity courts consider themselves bound by statute of limitations governing actions at law.

4. **Courts ⟨⟩489(4)—Suit for infringement held to involve concurrent jurisdiction; "quasi offenses;" "torts."**

Suit for infringement of copyright, seeking damages, for which plaintiff has remedy at law under Act Sept. 18, 1913, § 3 (Comp. St. § 9526), involves concurrent jurisdiction, though equitable remedies of accounting and injunction are also sought, and Civ. Code La. art. 3536, providing one-year limitation for quasi offenses, is applicable; "quasi offenses" meaning "torts," and infringement being a tort, under Comp. St. § 9546, subd. (b).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tort.]

5. **Limitation of actions ⟨⟩95(1)—Amendment relating to damages to land, timber, and "property" held not applicable to copyright infringements.**

Act La. No. 33 of 1902, adding to Civ. Code La. art. 3537, provision that, where land, timber, or "property" has been destroyed or damaged, prescription runs from date of discovery of damages, held, under ejusdem generis rule, not applicable to actions for infringement of copyrights, in view of Civ. Code La. art. 16.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property.]

6. **Copyrights ⟨⟩74, 87—Injunction and accounting for infringement refused, in absence of evidence showing actual or threatened damage and recoverable damages or profits.**

Suit to enjoin infringement of copyrights could not be maintained in absence of evidence of actual or threatened damage, and accounting could not be had in absence of showing of recoverable damages or profits to be accounted for.

7. **Copyrights ⟨⟩87—Accounting incident to right of injunction.**

Right of accounting for profits is incident to right of injunction against infringement.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit by Louis J. McCaleb against the Fox Film Corporation. Decree for defendant, and plaintiff appeals. Affirmed as modified.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

E. J. Bowers, of New Orleans, La., for appellant.

George Denegre, Victor Leovy, and Henry H. Chaffe, all of New Orleans, La. (Harry McCall and J. Henry Bruns, both of New Orleans, La., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

WALKER, Circuit Judge.   This is an appeal from a decree dismissing a bill in equity filed by the appellant.   The bill charged that a play or dramatic composition, entitled "The Scarlet Letter," which was copyrighted by the appellant in October, 1913, was infringed by the use or production by the appellee of a scenario or photoplay having the same title, prayed an award to appellant of the amount of damages sustained by him in consequence of such infringement, and that appellee be required to account for profits alleged to have been realized by it therefrom, and be enjoined from showing or exhibiting the alleged infringing composition.   The subject of the copyright obtained by appellant in 1913 was a revised version of the play having the same title which was written by the appellant in 1889 and was copyrighted in 1893.   Both appellant's play and the scenario or photoplay mentioned were based on Nathaniel Hawthorne's book having the same title, and both in large part consisted of matter copied from that book.   The copyright on that book expired many years ago.   The basis of the charge of infringement is the alleged use in the scenario or photoplay of parts of appellant's play which were not traceable to the book, which in other respects was followed.

[1] There is a suggestion in the argument of counsel for the appellant that the provision of the statute (section 6, 35 Stat. 1077 [Comp. St. § 9522]) that dramatizations of works in the public domain shall be regarded as new works subject to copyright operates to give to the copyrighting of appellant's play the effect of conferring on him the right to prevent another's use of so much of Hawthorne's book as was used in appellant's play.   The lack of merit in this contention is demonstrated by the express language of that part of the statute which is to the effect that such a copyright as that which was acquired by the appellant shall not be construed to imply an exclusive right to such use of the original work.   The appellant has no right to complain of another's use of the title or contents of Hawthorne's book. His exclusive right embraces nothing except copyrighted matter of which he is the proprietor.   The statute does not enable him to acquire an exclusive right to what formerly was, but has ceased to be, the subject of private ownership.

In quite a number of particulars appellant's play deviates from the book.   It contains incidents, stage business, thoughts, and suggestions not found in the book.   In appellant's behalf it is claimed that the scenario so far similarly deviates from the book as to require the conclusion that it involved an unauthorized imitation and appropriation of new matter contained in the play.   It is not to be denied that there is ground for the contention that the similarities and coincidences are such as not to be satisfactorily explainable on the theory that they

299 F.—4

were due to the authors of the play and of the scenario by chance happening to have and use practically identical conceptions, and not at all to suggestions made by the play to the writer of the scenario. In view of the grounds upon which we have concluded that the case should be disposed of, it may be assumed, without being decided, that the evidence adduced showed that appellant's copyright was infringed by appellee.

[2, 3] The last use of the scenario by the appellee prior to the filing of the bill in May, 1921, was on or about February 19, 1919, more than two years before the suit was brought. The present copyright statute (35 Stat. 1075 [Comp. St. § 9517 et seq.]) contains no provision as to the time within which remedies for infringement must be prosecuted. This being so, actions at law for infringement of copyright are governed by the limitation prescribed for the class of actions to which they belong by the law of the state in which the action is brought. Brady v. Daly, 175 U. S. 148, 20 Sup. Ct. 62, 44 L. Ed. 109. Courts of equity, in cases of concurrent jurisdiction, consider themselves bound by the statutes of limitation which govern actions at law. Baker v. Cummings, 169 U. S. 189, 18 Sup. Ct. 367, 42 L. Ed. 711.

[4, 5] This suit invoked the exercise of a concurrent jurisdiction, in that it sought a recovery of damages suffered due to the alleged infringement. For the recovery of such damages appellant had a remedy at law in an action for damages. 38 Stat. 113 (Comp. St. § 9526). The suit was not kept from being one which involved the exercise of a concurrent jurisdiction, with the result of making the state limitation or prescription law applicable, by the circumstance that it sought, in addition to an award of damages, the granting of equitable remedies, an accounting and an injunction, as means of better enforcing the purely legal right to damages for infringement. Hall v. Law, 102 U. S. 461, 26 L. Ed. 217; 21 Cyc. 252, 254. As to the claim of damages for an infringement of the copyright, the Louisiana law of prescription or limitation is applicable. Article 3536 of the Civil Code of Louisiana reads as follows:

"The following actions are also prescribed by one year: That for injurious words. whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi-offenses."

Under Louisiana law the word "quasi-offenses" has the same meaning as the word "torts" has in common-law jurisdictions. The infringement of a copyright is a quasi-offense or tort, giving rise to a right of the copyright proprietor to recover damages therefor from the infringer. U. S. Compiled Stat. § 9546, subd. (b) ; Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975. The above set out provision has the effect of barring the asserted claim to damages, more than two years having elapsed after the commission of the tort before the bringing of the suit, unless a different result is required by an addition made in 1902 (Act 33, Acts of Louisiana of 1902) to the immediately succeeding article of the Civil Code of Louisiana. The last-mentioned article (article 3537), before it was added to, read as follows:

"The prescription, mentioned in the preceding article runs: With respect to the merchandise injured or not delivered, from the day of the arrival

of the vessel, or that on which she ought to have arrived. And in the other cases from that on which the injurious words, disturbance or damage were sustained."

The following is the addition made to that article in 1902:

"And where land, timber or property has been injured, cut, damaged or destroyed, from the date knowledge of such damage is received by the owner thereof."

The effect of the added provision was to create an exception to the provision making the prescription run from the day on which damage was sustained. The exception embraces nothing but claims arising "where land, timber or property has been injured, cut, damaged or destroyed." Under the familiar ejusdem generis rule of construction, the word "property," following the words "land" and "timber," is to be understood as referring only to things of the same general nature or class as those enumerated, to things like land or timber. It is to be supposed that, if the Legislature had intended the use of the word "property" to be in the broad and unrestricted sense in which that word properly may be used, it would have made no mention of land or timber, and would have used some such language as the following:

"And where property has been injured or destroyed, from the date knowledge of such damage is received by the owner thereof."

We are of opinion that the word "property," in the connection in which it is found in the last above set out provision, does not include anything as unlike land and timber as the intangible interest which a copyright confers on its proprietor. Alabama v. Montague, 117 U. S. 602, 6 Sup. Ct. 911, 29 L. Ed. 1000; Gleason v. Thaw, 185 Fed. 345, 107 C. C. A. 463, 34 L. R. A. (N. S.) 894; 36 Cyc. 1119.

"Where the words of a law are dubious, their meaning may be sought by examining the context with which the ambiguous words, phrases and sentences may be compared, in order to ascertain their true meaning." Revised Civil Code of La. art. 16.

An infringement of a copyright is not likely to have been in the minds of law-makers when they were dealing specifically with land and timber depredations. We are of opinion that the asserted claim to damages for infringement of the copyright was not enforceable, as it was barred or prescribed before the suit was brought.

[6, 7] The bill's prayer for an injunction was not supported by evidence showing that at the time the suit was brought there was an actual or threatened infringement by the appellee of the appellant's copyright. The appellant failed to prove that at that time the appellee was doing or threatening to do anything subject to be enjoined, that there was a present continuous wrongful infringement to warrant an injunction. No case for an accounting was made out, as it was not shown that there were any recoverable damages or profits subject to be accounted for. The right to an accounting for profits is incident to a right to an injunction. Falk v. Gast Lithograph & Engraving Co., 54 Fed. 890, 4 C. C. A. 648.

The conclusion is that the evidence adduced failed to show that appellant was entitled to any relief sought. It follows that it was not

error to dismiss the bill. The decree appealed from is modified, by making the dismissal of the bill without prejudice to the right of the appellant to sue for an infringement of his copyright subsequent to the date of the bringing of this suit. As so modified, that decree is affirmed, the costs to be taxed against the appellant.

Modified and affirmed.