LUCY P. HAYES, as Executrix of the Estate of Rutherford P. Hayes, deceased, v. BELLEAIR DEVELOPMENT COMPANY, *et al.*

162 So. 698.

Division B.

Opinion Filed July 1, 1935.

*D. G. Haley* and *Ed S. Whitson,* for Appellant;

*Jackson, Dupree & Cone* and *Gage & Polhill,* for Appellees.

TERRELL, J.—Appellee, Belleair Development Company,

was incorporated in 1924 by Carley, Conklin, and Kelly, for the purpose of buying and selling real estate. The parties so named owned a majority of the stock, were the officers of, and constituted the board of directors of the corporation. Rutherford P. Hayes purchased 780 shares of stock in said corporation and in June, 1925, commenced a suit in equity against it, alleging as a postulate therefor fraud, mismanagement, and wrong doing in the management of its affairs. This suit was settled and dismissed by compromise in April, 1926. By the terms of the settlement Belleair Development Company agreed to purchase Hayes' stock in the company for $78,000.00, paying him $5,000.00 cash and two promissory notes for $36,500.00 each. Hayes retained the stock as security for payment of the notes and dismissed his suit. The first note was paid with interest July 1, 1926, but the second note has never been paid. Hayes died testate July 31, 1927, and his wife, Lucy P. Hayes, the appellant, was named and qualified as his executrix.

In August, 1928, Carley and Conklin were ousted as officers and directors of the corporation and a new board of directors and officers were elected in their stead. Soon after their election and qualification, in December, 1928, the new officers repudiated the agreement and settlement made in April, 1926, between Rutherford P. Hayes and the corporation and filed a claim against Lucy P. Hayes as executrix, demanding that she return to the corporation all moneys paid her intestate pursuant to said settlement. This demand was refused. No further steps were taken until September, 1931, when the bill of complaint was filed in this cause praying for cancellation of said agreement, accounting, and for return to the corporation by Lucy P. Hayes as executrix of the estate of Rutherford P. Hayes of all funds paid to the latter by virtue of said agreement.

The bill of complaint was later amended, a motion to dismiss was denied, and this appeal is from that order.

It is contended here that the statute of limitations had run against the claim sued for, that if a valid claim ever existed in favor of complainant it is barred by laches, that this suit cannot be maintained because the parties cannot now be restored to their status *quo ante,* that complainant has not offered to do equity, and that the allegations of the bill do not trace the fund sued for into the hands of the defendant.

In our view the bill of complaint fails to state a cause of action. It is grounded on the theory that the money paid by complainant to Rutherford P. Hayes was a trust fund for the benefit of creditors of the corporation. It was paid in April and July, 1926, and this suit was not filed until September, 1931, more than five years later. Relative to possession and location of the amount claimed the bill merely alleges that the estate of Hayes is solvent and was appraised at a sum larger than the amount paid him for the stock. In view of the lapse of time, the death of Hayes, and other shifts and changes affecting the subject matter that may have taken place in the meantime, an allegation of such general character fails completely to trace the alleged trust fund into the hands of the defendant or to in any way bind her to restore it.

Complainant in its bill of complaint rested its case on the so called trust fund doctrine, that is to say a rule of equity whereby all the assets of an insolvent corporation pass to the receiver to be equitably distributed among the innocent creditors of the corporation. State v. Associated Packing Co., 210 Ia. 75, 227 N. W. 627. Under this rule when a court of equity takes into its possession the assets of an insolvent corporation it will administer them on the theory that in equity they belong to the creditors and shareholders,

rather than to the corporation itself. United States of America v. Butterworth, Judson, 269 U. S. 504, 46 Sup. Ct. Rep. 179, 70 L. Ed. 380.

The trust fund doctrine as thus stated has been approved and is followed in many states and was incorporated into the law of this state by Chapter 10096, Acts of 1925, Section 6569, Compiled General Laws of 1927. It had not been approved nor followed here prior to this act. Gray v. Standard Dredging Co., 109 Fla. 87, 111 Fla. 149, 149 So. 733. Appellee having been organized under the law as it existed prior to the enactment of Chapter 10096, Acts of 1925, its assets were not a trust fund in the hands of its officers but could become such only when taken in hand by a court of equity for administration which has not yet been done.

Much was said in the briefs of counsel in condemnation of the agreement between the corporation and Rutherford P. Hayes, the point being that it amounted to a. purchase by the corporation of its own stock which was unauthorized.

A few states have enacted statutes forbidding corporations from purchasing their own stock. Where such statutes are in force the courts have uniformly held agreements in violation of them to be void *ab initio* and subject to rescission at the suit of the corporation itself whether solvent or insolvent. Duddy-Robinson Co. v. Taylor, 137 Wash. 304, 242 Pac. 21; Darneel-Love Lumber Co. v. Wiggs, 144 Tenn. 113, 230 S. W. 391.

The weight of authority appears to be that unless forbidden by charter or statute a corporation is at liberty to purchase shares of its own stock. If such purchases are made when the corporation is insolvent, regardless of the rights of creditors and stockholders therein, we have found no case wherein a court, as between the stockholders making

the sale and the corporation, has held them invalid and sub-·ject to avoidance at the suit of the corporation. Republic Life Ins. Co. v. Swigert, 135 Ill. 150, 25 N. E. 680; Medical Arts Building Co. v. Southern Finance & Development Co. 29 Fed. (2d) 969; Fletcher on *Corporation,* Vol. 2, page 2104.

The corporation Act of. 1925 (Chapter 10096, Laws of Florida, Section 6534, Compiled General Laws of 1927) in terms prohibits a corporation from purchasing shares of its stock. Whether Section 4086, Revised General Statutes of 1920, Section 6015, Compiled General Laws, Acts of 1927, or any other law in force prior to the adoption of the corporation Act of 1925, prohibited or amounted to a prohibition on a corporation from purchasing shares of its stock is unnecessary for us to decide in this case as we feel that it must be reversed for other reasons.

· The only other question necessary for us to consider is whether or not the statute of limitations or the doctrine of laches can be invoked by appellant to abate this suit.

By the weight of authority in this country directors of corporations are trustees under implied or constructive trusts rather than under continuing or technical trusts and being such are not exempt from the operation of the statute of limitations, 17 R. C. L., Limitation of Actions, paragraph 328; Fletcher on *Private Corporations,* Vol. 4, Section 2697, page 3935; Baxter v. Moses, 77 Me. 465, 1 Atl. 350, Emerson; Emerson v. Gaither, 103 Md. 564, 64 Atl. 26; Landis v. Sexton, 105 Mo. 486, 16 S. W. 912; Wallace v. Lincoln Savings Bank, 89 Tenn. 630, 15 S. W. 448; Lippett ·v. Ashley, 89 Conn. 451, 94 Atl. 995; Boyd v. Mutual Fire Association of Eau Claire, 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171.

But appellee contends that Section 2927, Revised General

Statutes of 1920 Section 4647, Compiled General Laws of 1927, excepts trusts in this state from the operation of the statute of limitations. This contention is without foundation because there has not been created any such trust relationship as is contended for by appellee and if there had been Section 2927, Revised General Statutes of 1920 applies only to law actions. Amos v. Campbell, 9 Fla. 187; Bloxham v. Hooker, 19 Fla. 163.

The cause of action herein accrued April 29, 1926, when the first money was paid by the corporation to appellants intestate. This suit was not instituted until September 18, 1931, long after the lapse of any statute of limitations that may be applicable thereto. Section 2939, Revised General Statutes of 1920, Section 4663, Compiled General Laws of 1927.

In courts of equity there is no such thing in fact as a statute of limitations but in the application of the doctrine of laches courts of equity, while not bound by, usually act or refuse to act on the basis of provisions in statutes of limitations relating to actions at law of like character. Fillyau v. Laverty, 3 Fla. 72, text 108; Erickson v. Insurance Co., 66 Fla. 154, 63 So. 716; Davey v. Dodge, 213 Fed. 722.

Appellee contends that the cause of action here did not accrue until September, 1928, when its officers were changed and were advised, but this cannot be because the records of the corporation showed the suit brought by Rutherford P. Hayes, the purchase and payment for Hayes' stock with the funds of the corporation, and every other material fact pertaining to it, and then the new officers waited almost three years after their election and qualification before bringing suit.

During this wait and delay Hayes died and his wife was

designated as administratrix of his estate. What had been popularly known as the "boom" in Florida had exploded and land values had gone glimmering. Appellee was a real estate developer and salesman and so far as the record shows had no other assets or business. It is shown that Hayes' stock in appellees' company had a material value at the time this cause of action accrued while at the time it was brought it had little if any value. For these and other reasons it would not now be possible to restore the status *quo ante* of the parties.

It would be difficult to conceive a more appropriate case to invoke the doctrine of laches which is permitted to be done and being so the decision of the chancellor below must be reversed.

Other assignments argued have been examined carefully, including assignments on cross appeal by interveners, Pinellas Properties, Inc., but since they all fall with this disposition of the main cause a discussion of them becomes unnecessary.

Reversed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.