### WEBB v. POWELL et al.*
### No. 8153.

Circuit Court of Appeals, Fifth Circuit.

Feb. 5, 1937.

*Rehearing denied March 22, 1937.

B. T. Sauls, of St. Petersburg, Fla., for appellant.

F. P. Fleming, of Jacksonville, Fla., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

This suit, in form, in equity for an accounting for, was in fact for, money had and received as the proceeds of collateral which had been pledged by the bank to secure the deposits of the railway company. The claim was that the agreement for security was ultra vires, and the sale of the collateral and payment of the proceeds to the receivers unauthorized in law. Upon allegations that the receivers had thereby received payment in full of their deposit when other depositors had received only 37½ per cent., the prayer was for recovery of the excess.

The defenses were contestation of the charges of ultra vires and illegality, and that the suit was barred by the Florida statute of three years' limitation (Comp. Gen.Laws Fla.1927, § 4663, subd. 5) and by laches measured by that statute. Upon final hearing on bill and answer, the court found that the suit had been instituted more than three years after the accrual of the

alleged cause of action, and that, under the application of the three years' statute of limitation of Florida, plaintiffs' laches had barred the suit.

Appellant's brief argues the invalidity of the pledge agreement, the right of the bank's receiver to recover the money paid under it, and whether he had lost that right by limitation and laches.

Appellees, in effect conceding that the agreement was ultra vires the bank, and that in an action timely brought the bank's receiver could have recovered the moneys, argue only the defenses of limitation and laches.

Appellant's position on these defenses is, as to limitation, that the suit being in equity, the running of time alone as prescribed in state statutes of limitation could not bar it, but only laches could; as to laches, that "laches is of the nature of estoppel. Courts apply it to suits in equity by analogy to the statute of limitations to protect innocent parties, and to avoid inequitable results;"[1] that laches in short, is compounded of time and of circumstances, making it inequitable to assert the claim; that here there is only time.

As to the time element in both limitation and laches, he insists that the suit is, under Florida statutes of limitation, one founded on an instrument of writing, and therefore for the application of its five-year statute (Comp.Gen.Laws Fla.1927, § 4663, subd. 3), and not, as appellees contend it is, one not so founded, and therefore for the three years' statute.

Appellees in reply urge that the suit is really one cognizable not in equity, but at law, in its general nature an action for money had and received, which maintains that defendant has obtained money which, ex acquo et bono, he ought to return. They argue further that if the suit is maintainable in equity, it is in the exercise of a jurisdiction concurrent with that of law, and in such suits the statute of limitation is applicable in equity, not by analogy, but absolutely, just as it is at law.

As to appellant's contention that the statute of five, rather than of three years, applies, appellees argue that plaintiff's suit is not at all upon the pledge agreement, to enforce it, but personally against them for moneys of the bank they have received, the action for which accrued at the time of the paying.

We think appellant's claim that the suit is founded on the pledge agreement results from a misconception, both of the nature and the effect of the statute he relies on, and of the suit he has brought. The five-year statute looks to, it embraces, actions in which the instrument of writing is relied on as the basis of the right to sue, not actions like the one at bar, where, though the relations of the parties may be at some point affected by an instrument of writing, that instrument is not declared on as the basis of the right, but is only an incident in its accrual. The right asserted here is not founded on the agreement which is alleged to be "illegal and void," it springs from the duty of restitution, raised by facts which show that the money was obtained under circumstances constituting it an unjust enrichment. Leather Manufacturers' National Bank v. Merchants' Bank, 128 U.S. 26, 9 S.Ct. 3, 32 L. Fd. 342; Gordon v. Camp, 2 Fla. 422; Cullen v. Seaboard Air Line R. Co., 63 Fla. 122, 58 So. 182; Torgeson v. Department of Trade & Commerce, 127 Neb. 49, 254 N.W. 740; Citizens' Bank v. First National Bank, 101 Fla. 908, 132 So. 478. Such an action, under Florida law, is barred in three years. Leather Manufacturers' National Bank v. Merchants' Bank, supra; Hayes v. Belleair Dev. Co., 120 Fla. 326, 162 So. 698; Wood on Limitations (4th Ed.) § 144; Ball v. Roney, 112 Fla. 186, 150 So. 240; Johnson v. Harrison Hardware & Furniture Co., 119 Fla. 470, 152 So. 708, 160 So. 878; Nuveen v. Quincy, 115 Fla. 510, 156 So. 153, 94 A.L.R. 600; State v. Florida Ry., 80 Fla. 411, 86 So. 691; American Cyanimid Co. v. Wilson & Toomer Fertilizer Co. (C.C.A.) 51 F.(2d) 665.

Appellees are right, too, in the view they take of this case that if it is cognizable in equity, it is cognizable also at law, the jurisdiction exercised is not independent, but concurrent, and that a court of equity will apply the statute of limitations in bar of the legal right asserted as absolutely as would a court of law. Hayes v. Belleair Dev. Co., 120 Fla. 326, 162 So. 698; Dees v. Smith, 55 Fla. 652, 46 So. 173; Erickson v. Ins. Co., 66 Fla. 154, 63 So. 716; McNair v. Burt (C.C.A.) 68 F.(2d) 814; Heard v. Houston Gulf Gas Co. (C.C.A.) 78 F.(2d) 189; Tenth Ward Road Dist. v. T. & P. R. Co. (C.C.A.) 12 F.(2d) 245, 45 A.L.R. 1513; Hughes v. Reed (C.C.A.)

---

[1] Huff v. Ford (D.C.) 289 F. 858, 875.

46 F.(2d) 435; Baker v. Cummings, 169 U.S. 189, 18 S.Ct. 367, 42 L.Ed. 711; Curtis v. Connly, 257 U.S. 260, 42 S.Ct. 100, 66 L.Ed. 222; McCaleb v. Fox Film Corp. (C.C.A.) 299 F. 48.

The decree was right. It is affirmed.