## CAREW v. MELROSE MUSIC, Inc. et al.

United States District Court
S. D. New York.

Sept. 27, 1950.

Harry J. Stein, New York City, for plaintiff.

Spring & Eastman, New York City, for defendants, Lee V. Eastman and Lawrence B. Simons, New York City, of counsel.

RYAN, District Judge.

 Plaintiff moves to strike out the defense of statute of limitations interposed by defendants in their answer. The complaint alleges infringement of rights conferred by the Copyright Law. Since the Copyright Act, 17 U.S.C.A. § 1 et seq., prescribes no limitation on the commencement of an action for infringement, it has been settled that the applicable state statute of limitations governs. Brady v. Daly, 1899, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109; McCaleb v. Fox Film Corp., 5 Cir., 1924, 299 F. 48, which in this case would be that of New York.

It appears from the record that the infringement alleged occurred more than 3 years, but less than 6 years before the filing of the summons tolled the running of the statute. The parties have thus presented as determinative of the motion here made the following issue: whether, in an action for infringement of statutory copyright, the applicable New York statute of limitations is (1) Section 48(2) of the Civil Practice Act relating to actions "* * * to recover upon a liability cre-

972

ated by statute, except a penalty or forfeiture", which prescribes a six-year limitation, or (2) Section 49(7), relating to actions "* * * to recover damages for an injury to property, except in the case where a different period is expressly prescribed in this article", which imposes a three-year limitation. Counsel has not cited us any case dealing with this question and we have not found any.

■ It may be conceded that the rights conferred by the Copyright Law are property rights in the sense that they possess economic value. But, Section 49(7) does not purport to embrace all actions wherein injury to property is alleged: explicitly excluded from the coverage of that section are instances in which different periods are expressly provided for in the article. Since the cause of action set forth in this case alleges infringement of statutory copyright, it seems to fall squarely within the category of actions to recover upon liability created by statute.

■ The possible contention that the Copyright Law itself merely codifies a liability previously existing at common law cannot survive the most cursory inspection. The common law right of copyright protected the author only until first publication (Amdur, Copyright Law and Practice, p. 3, 1st Ed. 1936), whereas the peculiar right conferred by statutory copyright is to multiply copies after publication to the exclusion of others. Palmer v. De Witt, 1872, 47 N.Y. 532, 7 Am.Rep. 480. So distinct are the two types of action that the Supreme Court has said: "* * * when the statutory right begins the common-law right ends." Bobbs-Merrill Co. v. Straus, 1907, 210 U.S. 339, 347, 28 S.Ct. 722, 725, 52 L.Ed. 1086.

It thus seems clear that an action for copyright infringement is one "to recover upon a liability created by statute" in the sense in which those words are used in Section 48(2), and that the six-year limitation there set forth controls this litigation. The motion to strike the affirmative defense based on the statute of limitation is therefore granted.