ENTERPRISE LEASING
CO. OF DFW

v.

**LARSON KING, LLP, Lucent Technologies, Inc. and Southwestern Broadband Holdings, I., L.P. f/k/a IP Communications Holdings, L.P.**

**(In re Southwestern Broadband Holdings I, L.P.)**

**Bankruptcy No. 02–81140–SAF–7.**
**Adversary No. 05–3005.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

June 8, 2005.

John E. Johnson, Jameson & Dunagan, PC, Dallas, TX, for Plaintiff.

Michael R. Rochelle, Rochelle Hutcheson & McCullough, LLP, Dallas, TX, for Lucent Technologies, Inc., Defendant.

Yolanda M. Humphrey, Perdue, Brandon, Fielder, et al., Houston, TX, for Spring ISD, et al., Defendants.

Elizabeth Weller, Linebarger, Goggan, Blair & Sampson, LLP, Dallas, TX, for Dallas County, et al., Defendants.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Chief Judge.

Lucent Technologies, Inc., moves the court for summary judgment declaring whether, as a matter of law, a property tax lien in Texas attaches to accounts receivable. On January 3, 2005, Enterprise Leasing Co. of DFW filed this adversary proceeding to determine entitlement to $60,826.41 held by Enterprise. Enterprise claims no interest in the funds. Lucent claims a first priority security interest in the funds. Neither the debtor, Southwestern Broadband Holdings I, LP, nor Larson & King, LLP, have filed answers to the complaint.

On February 15, 2005, several Texas taxing authorities moved to intervene. The court granted their motion by order entered April 12, 2005. On February 16, 2005, several taxing authorities filed an amended motion to intervene and on February 17, 2005, taxing authorities filed a joint motion to intervene. The court grants those motions.

Enterprise then filed an amended complaint adding the intervening taxing authorities as parties, and interpleading the $60,826.41 with the court. The interplead-

er requests that the court determine the parties' entitlement to the funds and award Enterprise its fees and expenses. By court order entered April 14, 2005, the funds were deposited into the registry of the court.

The Texas taxing authorities claim a tax lien on the funds, with priority over Lucent's lien. Lucent responds that the Texas Property Tax Code does not create a tax lien that would attach to the funds. The court held a hearing on the summary judgment motion on May 9, 2005. At the trial docket call on May 9, 2005, Enterprise, Lucent and the taxing authorities agreed that the court would declare their respective rights to the funds by summary judgment. On June 8, 2005, the court entered a default judgment against the debtor. Enterprise and Lucent stipulated at the trial docket call that complaint would be dismissed as to Larson & King. Following the decision on the motion for summary judgment and the motion for default judgment, the court will enter a final judgment on the interpleader.

The parties agree that the funds constitute proceeds from accounts receivable of the debtor. The debtor pledged its then existing and after-acquired accounts, including accounts receivable, to Lucent. Lucent perfected its security interest in the accounts.

The taxing authorities contend that the Texas Property Tax Code imposes a lien on the accounts, as well. Chapter 11 of the Texas Property Tax Code addresses taxable property and exemptions. Texas has jurisdiction to tax intangible personal property. Texas Property Tax Code § 11.02(c). Texas defines "intangible personal property" to include an "account receivable." § 1.04(6). Nevertheless, the Texas Property Tax Code provides "except as provided in Subsection (b) of this section, intangible personal property tax is

not taxable." § 11.02(a). Subsection (b) provides for the taxation of intangible personal property governed by Article 4.01 of the Texas Insurance Code and by § 89.003 of the Texas Finance Code, dealing with savings and loan associations. Neither applies here.

The Texas Property Tax Code provides in Chapter 32 addressing tax liens and personal liability:

(a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax property.

(b) A tax lien on inventory, furniture, equipment, or other personal property is a lien *in solido* and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.

Section 32.01.

The tax lien takes priority over the claim of any holder of a lien on the property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. § 32.05(b).

The taxing authorities argue that the tax lien attaches to the accounts receivable pursuant to the "other personal property" provision of § 32.01(b). But the general phrase "other personal property" follows specifically identified tangible personal property. Unless otherwise exempt, Texas taxes tangible personal property. § 11.01(a). The statutory references to "other personal property" must be read to refer to things of the same general nature as those specifically enumerated in the statute, namely, tangible personal proper-

ty. *See McCaleb v. Fox Film Corp.*, 299 F. 48, 51 (5th Cir.1924).

That statutory construction is consistent with a reading of the Texas Property Tax Code as a whole. *See, e.g., United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988)(the reading of a code "is a holistic endeavor"). Texas imposes a property tax on tangible personal property, § 11.01(a), but not on intangible personal property (with certain exceptions not applicable). § 11.02(a). Logically, Texas imposes a tax lien on the personal property it taxes. Thus, the tax lien attaches to tangible personal property, but not to intangible personal property.

The taxing authorities rely on *In re Universal Seismic*, 288 F.3d 205 (5th Cir. 2002). In that case, the taxing authority claimed a lien on "all personal property." But the case did not include an issue of whether intangible personal property was taxed. The Fifth Circuit did not hold that intangible personal property was taxed in Texas. Indeed, the decision does not reflect that there was any intangible personal property involved in the case. To the contrary, the opinion refers to equipment, and reflects that the debtor returned almost all of its personal property to its secured creditors or lessors. The opinion further reflects that the debtor retained vehicles and office furnishings. The court held that the tax lien applied to that tangible personal property.

■ The taxing authorities argue that the Texas Property Tax Code allows accounts receivable to be seized to pay delinquent taxes. If property can be seized, the taxing authorities contend that the property must be subject to a tax lien. That proposition does not necessarily follow.

Chapter 33 of the Texas Property Tax Code addresses tax delinquencies. Sub-chapter B of Chapter 33 provides for seizure of personal property. "A person's personal property is subject to seizure for the payment of a delinquent tax, penalty, and interest he owes a taxing unit on property." § 33.21(a). "In this subchapter [seizure of personal property], 'personal property' means: (3) notes or accounts receivable, including rents and royalties." § 33.21(d)(3).

Under subchapter B of Chapter 33, a tax collector may apply to a court for a tax warrant after a tax becomes delinquent or before a tax becomes delinquent if certain conditions have been met. § 33.22(a) and (b). The court shall issue the tax warrant if the tax is delinquent or the pre-delinquency conditions have been met. § 33.22(c). "A tax warrant shall direct a peace officer . . . and the collector to seize as much of the person's personal property as may be reasonably necessary for the payment of the taxes, penalties, and interest included in the application..." § 33.23(a).

■ Following a delinquency, a court may, therefore, issue a tax warrant to seize property. The reach of the warrant extends beyond the taxable personal property of the taxpayer. Once the court acts to authorize collection of a delinquency, Texas expressly authorizes seizing accounts receivable. The property subject to seizure is defined by the subchapter. Seizure acts like execution of a judgment in Texas, with non-exempt assets subject to turnover to pay the obligation. *See Santibanez v. Thompson*, 105 F.3d 234 (5th Cir.1997); *Beaumont Bank, N.A.' v. Buller*, 806 S.W.2d 223 (Tex.1991).

Consequently, if the taxing authorities were pursuing delinquent taxes against the debtor in state court, a tax warrant issued by the state court may reach these funds. For purposes of this adversary proceeding, however, that possibility under Texas law does not make the funds subject to a Tex-

as property tax lien. Under Chapter 32, tax liens, Texas imposes a tax lien on taxable personal property. Under Chapter 33, delinquency, Texas allows a collector to reach non-taxed intangible personal property provided it is not exempt. Reading the Texas Property Tax Code as a whole, under Chapter 11, taxable property and exemptions, the intangible personal property is not taxed.

Based on this analysis, the property tax lien does not attach to the interplead funds.

Accordingly,

**IT IS ORDERED** that the motion of Lucent Technologies, Inc., for summary judgment is **GRANTED**.