## W. W. JONES v. SCHOOL DISTRICT No. 19, ELK COUNTY.

CAUSE OF ACTION, *Accrues When.* Where a county treasurer by mistake overpays a school district, his cause of action to recover such overpayment dates from the time of the overpayment, and springs therefrom, and not from any ascertainment of the fact of such overpayment by settlement with the county commissioners or otherwise.

### *Error from Elk District Court.*

AT the April Term, 1881, of the district court, the defendant, *School District No. 19,* in Elk county, had judgment against plaintiff *Jones,* who brings the case here. The opinion states the facts.

*R. H. Nichols,* for plaintiff in error.

*Daniel Carr,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by plaintiff in error, plaintiff below, who had been county treasurer of the county of Howard from July 7th, 1874, until the taking effect of the law dividing said county of Howard, (Laws 1875, ch. 106,) from which time he was county treasurer of the

county of Chautauqua until October, 1878. The defendant school district was in Howard county until the division, and thereafter was in Elk county. The plaintiff brings his action to recover moneys which he had paid to said school district in excess of the amount received by him and due said district. To his petition a demurrer was filed, which was sustained. This ruling of the district court was correct, and must be affirmed. We may remark in passing, that while there was some irregularity in the pleadings on the part of the defendant, it having filed first an answer and then a demurrer, yet inasmuch as the plaintiff's petition does not state a cause of action, this irregularity on the part of the defendant's pleading works no prejudice to plaintiff's substantial rights. On the face of the petition it appears that the moneys paid over by plaintiff to defendant were paid while he was county treasurer of Howard county, which payment was made more than three years before the commencement of this action. Now whatever right of action plaintiff has under such circumstances springs not from any express promise in writing, but arises from the implied duty of the defendant to pay to anyone moneys which through mistake it has received from such person. The obligation is not one founded upon a written contract, but springs from an implied obligation to return moneys it has improperly received. But such a cause of action is barred by the statute of limitations at the end of three years, and this action was not brought till more than three years had passed since the payment to the district. Whether that money could ever be recovered or not, it is now unnecessary to decide. All we hold is, that the cause of action, if any existed, was barred at the end of three years from the time of the payment to the district. The demurrer raises this question, and we have to pass upon it as a legal proposition presented upon the record. To avoid the effect of this statute of limitations, plaintiff alleges that he was unable to accomplish any settlement with the county commissioners until 1878. We do not think the absence or presence of any settlement with the county commissioners cuts any figure in the case. Plaintiff's

cause of action does not depend upon any settlement, and is not affected by the result thereof. He sues for money overpaid the district, and whether he has or has not overpaid is a question of fact, depending not upon any action of the county commissioners, but upon the facts of his receipts and payments. If he has paid the district more than it was entitled to, there may be an implied obligation on its part to return such payment, and such obligation raises and furnishes a cause of action from and after the very moment of such overpayment. A settlement with the commissioners may be of value in ascertaining the amount of the overpayment, but it does not make the fact of the overpayment, and does not add anything to plaintiff's right to recover. If he could recover at all, he could have brought his action the very day after he had made this overpayment, and his right of action was not added to or established in any way by any settlement with any board of county commissioners. That cause of action existed for more than three years prior to the commencement of this suit. After the lapse of three years, the statute of limitations comes in and bars his action. The demurrer presented that statute, the district court sustained the demurrer, and that ruling must be affirmed — and simply on the ground that any cause of action that the plaintiff may have had was barred by the statute of limitations.

All the Justices concurring.