Caldwell, Circuit Judge,
(after stating the facts.) It is needless to discuss the question of the liability of the defendant to the plaintiff for the money received for the void bonds. Under some circumstances money thus paid may be recovered back; under other circumstances it cannot. To which class this case belongs we need not inquire, because, if any such liability ever existed, it was clearly barred before this action was brought. By section 3230 of the Revised Statutes of Missouri the limitation of actions on implied contracts is five years. The plaintiff’s action is bottomed on the alleged implied obligation of the defendant to repay the money it received for the bonds. The action is barred, whether it accrued when the money was paid for the void bonds, or when the town refused to pay interest, and denied its obligation to pay the bonds, upon the ground that they were void for want of authority in the town to issue them, or when that defense was formally interposed to the suit on the bonds. All of these events happened from 8 to 15 years before the suit was brought. No fact is shown which, in law, would interrupt or suspend the running of the statute after the town refused tu pay interest and repudiated the bonds, which it did in 1873.
The bonds were void, and not merely voidable. They were infected with a fatal and incurable vice. It was beyond the power of the town to impart legal validity to them. There could be no ratification, and no estoppel, which would render them valid or binding obligations on *354 the town. Upon the admitted facts of the case, therefore, the plaintiff could have sued for the recovery of his money the very day he received the bonds, and the general rule is that the statute begins to run from the time the party might have brought his suit. But it is not necessary to apply this rule in this case. The town paid the interest-on the bonds for two years. Giving to these payments the utmost, effect that can be claimed for them, and conceding that the statute did not run as long as the town treated the bonds as valid and paid the annual interest, it ceased to do this after 1872, and from and after that date denied the validity of the bonds, and paid no interest; and, undoubtedly, the statute of limitations would run against an action for the money paid for the bonds from that date. Furlong v. Stone, 12 R. I. 437; Bishop v. Little, 3 Greenl. 405; Bank v. Daniel, 12 Pet. 32, 57; Bree v. Holbech, 2 Doug. 654; Cowper v. Godmond, 9 Bing. 748, 23 E. C. L. 788; Lunt v. Wrenn, 113 Ill. 168; Jones v. School Dist., 26 Kan. 490; Weaver v. Leimann, 52 Md.709; Miller v. Adams, 16 Mass. 456; Palmer v. Palmer, 36 Mich. 488, 494; Tapley v. McPike, 50 Mo. 591.
The judgment of the circuit court is affirmed.