GEORGE D. MUNROE, CITY TREASURER, *Appellant*, v. IRA D. REEVES, *Appellee*.

Opinion filed May 18, 1916.

Where a municipality issues bonds in different separate amounts for several purposes some of which bonds are for municipal purposes authorized by law and a severable amount of the

bonds may not legally be issued by the city, the bonds that are legal may be sustained and those that are illegal and severable may be declared invalid.

Appeal from Circuit Court, Gadsden County; E. C. Love, Judge.

Order affirmed.

*W. J. Oven,* for Appellant;

*Y. L. Watson,* for Appellee.

PER CURIAM.—Chapter 5844 Acts of 1907, in section 22 authorized the Town of Quincy to issue bonds "for the purpose of erecting school houses and maintaining a system of public education in said municipality. The city pursuant to ordinances etc., issued $80,000.00 of bonds for various municipal purposes including also "for the purpose of erecting a school house and maintaining a system of public education in said city, $10,000.00 dollars." Chapter 6095 Acts of 1909 validated the entire bond issue of $80,000.00 including those issued "for the purpose of erecting a school house and maintaining a system of public education in said city ten thousand ($10,000.00) dollars, as provided for in said ordinance, in such form and containing such recitals and provisions as the Council of the City of Quincy, Florida, may, by resolution, determine or have heretofore, by resolution, determined; and any and all such bonds of the City of Quincy, Florida, issued, or which may hereafter be issued by the City of Quincy, Florida, under said ordinance, and in pursuance of the ratification of said ordinance, by the special elec-

tion held on the 27th day of April, 1909, be, and the same are, hereby declared legal and valid, and said bonds shall not be held invalid on account of any irregularity, defects or imperfections whatsoever, in the proceedings, taken or to be taken by the City of Quincy, Florida, in the issuing of said bonds, or the issuing of the said bonds in excess of any amount limited by the law of Florida, at the time of the election aforesaid, or the passages of the ordinance aforesaid, and all the defects or other irregularities in such proceedings, or issuing of said bonds in excess, or any limit of indebtedness that may be prescribed by the laws of Florida, at the time of the holding of the election aforesaid, or the passage of the ordinance aforesaid, are hereby cured and the issuing and sale of said bonds as provided for by said ordinance, are hereby authorized and permitted."

The payment of interest on the entire issue of $80,-000.00 was enjoined upon a bill filed for that purpose and a demurrer to the bill of complaint was overruled, from which latter ruling the defendant appealed. Authority clearly existed for issuing all the bonds except the $10,000.00 School bonds and the latter are severable from the others.

Irregularities in the issue of the bonds were cured by the validating act; but if the city cannot under the constitution legally issue the $10,000.00 of school bonds, the interest payments thereon may be enjoined. As the $10,-000.00 of school bonds issued in this case may not on this record be differentiated from a similar issue adjudged illegal in Brown v. City of Lakeland, 61 Fla. 508, 54 South. Rep. 716, the same result follows in this case. It does not appear that the bonds were issued for the purpose of higher education or for an independent school system of the city.

The purpose of the $10,000.00 bond issue is evidently to supplement the funds of the "system of public free schools," that is by the constitution required to be "uniform." Under the constitution the town as such cannot legally issue bonds for that purpose. By organizing as a school district under sections 10 and 11 and section 17, an amendment of 1911, of Article XII of the Constitution, so that the "incorporated town * * * may constitute a school district," the purpose of the bond issue may be accomplished and the credit of the community preserved.

There is equity in the bill as to the $10,000.00 school bonds, therefore the demurrer to the whole bill was properly overruled.

The order appealed from is affirmed and the cause remanded for proceedings in accordance with this opinion.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and WHITFIELD, JJ., concur.

ELLIS, J., takes no part.