**PARKWOOD CO. v. BOARD OF PUBLIC INSTRUCTION FOR OKALOOSA COUNTY, FLA.**

District Court, N. D. Florida, Pensacola Division.

July 1, 1940.

Giles J. Patterson, of Jacksonville, Fla., for plaintiff.

John M. Coe (of Coe & McLane), of Pensacola, Fla., for defendant.

LONG, District Judge.

It appears to the Court from the argument of counsel for the respective parties and the briefs filed that the only question to be determined is whether or not the bar of the statute began to run from the entry of the interlocutory order sustaining the demurrer to the amended declaration in the case of United Mutual Life Insurance Company v. Board of Public Instruction for Okaloosa County,[1] dated December 8, 1936, in which order the Court held the bonds sued on were void because the Act of the Florida Legislature of 1925, was void, which was a suit upon a portion of the bonds of the same issue as held by the plaintiff in the suit at bar; or, whether the statute began to run at the time of the entry of final judgment in the above cause.

The Court, in deciding the United Mutual Life Insurance Company case, held that the bar of the statute did not begin to run from the date of the default of the bond, but if there was a repudiation of the bond by the Board that the bar of the statute would begin to run from the date of such repudiation. And, to this Court, that seems to be the question to be determined in this case.

The defendant, to sustain its plea of the bar of the statute, has offered no evidence of the repudiation of the debt, but contends that the order sustaining the demurrer to the declaration upon the bonds was an adjudication that the bonds were void, and therefore, the bar of the statute began to run from that date. While the interlocutory order held the bonds invalid, it was not an adjudication of their invalidity and it could not affect the obligation of the Board of Public Instruction to pay the money that it had obtained from the bond holders by the issuance of this void bond, unless by some act of the Board it repudiated its obligation—then the bar of the statute would operate from the date of such repudiation.

Nor does it seem to the Court that the contention of the plaintiff "that the bar of the statute begins to run from the date of the judgment" applies, as the judgment was not upon the bond but upon the count in the declaration for money had and received. If the Court is correct in this reasoning the only question for the Court to determine is whether or not the Board has repudiated the debt due the bond holder for the money received from him and used by the Board on a date prior to the three year period of the statute.

The authorities do seem to be in accord that the limitation does not begin to run against a suit by a holder of void county bonds until the bonds are repudiated by the county, and there is no evidence of any repudiation by this Board of Public Instruction by resolution or otherwise. On the contrary, it appears that the holder of the bonds made inquiry from time to time from the bond broker from whom the bonds were purchased, who not only sold bonds but serviced bonds that he sold, who advised him two or three times a year as to what the situation was, and that he knew nothing of the invalidity of the bonds until about six months prior to the time the judgment was obtained in the United Mutual Life Insurance Company case in January, 1939.

Certainly the case at bar is distinguishable from the Nuveen case, Nuveen v. City of Quincy, 115 Fla. 510, 156 So. 153, 94 A.L.R. 600, in that notice was given the bond holders of the repudiation of the bonds, while in the case at bar no notice was given.

The copy of the bill of complaint filed by the defendant Board of Public Instruction for Okaloosa County against United Mutual Life Insurance Company in the state court, filed in evidence here, and the notice given makes parties defendant not only those specifically named but other bond holders as well. And this bill specifically alleges that the Board has caused to be levied the maximum tax allowable under the Florida Constitution for the benefit of the general county school fund and the

[1] No opinion for publication.

bond indebtedness—which suit is still pending, and is evidence of the fact that there was no repudiation intended.

The Court, therefore, is of the opinion that there has been no repudiation of the debt; that the cause of action is not barred, and that judgment should enter for the plaintiff.