**Leon KLEIN, Plaintiff-Appellant,**

v.

**Robert R. FRANK, and Peter Strelkow, etc., Defendants-Appellees.**

No. 75–1564.

United States Court of Appeals, Fifth Circuit.

July 6, 1976.

---

[*] Judge Wisdom was a member of the panel that heard oral arguments but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Of the Sixth Circuit, sitting by designation.

John W. Kearns, North Miami, Fla., Isaac Franklin, Miami Beach, Fla., Leon Klein, pro se, Robert Moraff, Totowa, N. J., for plaintiff-appellant.

William M. Hoeveler, Miami, Fla., for defendants-appellees.

Before WISDOM * and MORGAN, Circuit Judges, and LYNNE, District Judge.

LYNNE, District Judge:

In his complaint, filed January 9, 1974, plaintiff (appellant), Leon Klein, claimed of defendants, Robert R. Frank, Peter Strelkow and Richard B. Marx, individually and doing business as Frank, Strelkow & Marx, a partnership, damages in the amount of $1,300,000.00 for breach by defendants of a contract to sell for plaintiff 65,000 shares of the common stock of Fallon Smith Corporation and to remit to him the proceeds of sale. After plaintiff, in this action tried by the court without a jury, had completed the presentation of his evidence, the Court granted the motion filed in behalf of the defendants, Frank and Strelkow, for an involuntary dismissal pursuant to the provisions of Rule 41(b), FRCP.[1] From such judgment this appeal was prosecuted. We affirm.

The factual picture of underlying transactions in this bizarre case is necessarily fuzzy because of the abbreviated proceedings in the trial court. Viewed most favorably to plaintiff the evidence tended to show that one Gerald Devins, plaintiff's good friend and neighbor, was the owner of a substantial block of the common stock of the Fallon Smith Corporation,[2] a Colorado corporation, whose name was later changed

---

* Judge Wisdom was a member of the panel that heard oral arguments but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

1. Previously, on motion of plaintiff, the action was dismissed with prejudice as it related to the defendant, Richard B. Marx.

2. The stock apparently was registered in the name of one Michael Hellerman.

to Imperial Investments, Inc. In March, 1969, plaintiff loaned Devins the sum of $7,500 in return for which Devins gave plaintiff 65,000 shares of such stock.

The stock at the time of the gift was not in the actual possession of Devins but was being held in Atlanta, Georgia. Subsequently, it came into the possession of defendant, Robert R. Frank, the attorney for Devins and Fallon Smith, in Miami, Florida.[3] In May, 1969, plaintiff telephoned Frank from Long Island, New York, his home, and demanded his stock or the proceeds thereof and was assured that everything was being taken care of.

Prior to June 11, 1969, Frank signed and forwarded a letter to plaintiff, which had been irretrievably lost in a move from one apartment to another.[4] By letter of June 11, 1969, Frank transmitted 25,000 shares of Fallon Smith stock to William Weiss, Esq., of New York, reproduced *in haec verba* in the margin.[5] From August to December, 1969, on several occasions plaintiff communicated with defendant Frank to inquire about his stock or its proceeds and each time was assured that it was being taken care of. On November 1, 1969, by handwritten note[6] plaintiff instructed Frank to "turn over to Imperial Investment Corp. $13,500 on my behalf as a lone [sic] to them." Finally, in December, 1969, plaintiff went to Frank's home in Miami to demand an accounting for his stock or its proceeds. When Frank requested a power of attorney for the stock plaintiff became angry and "walked out of his house in a huff." Plaintiff had no further communication with Frank prior to the filing of the complaint herein.

**3.** Vicarious liability is asserted against defendant, Peter Strelkow, on the theory that at all relevant times he was a partner of defendant, Frank.

**4.** No testimony was adduced as to the contents of such letter. The attorney for plaintiff offered to prove by plaintiff's wife the following:

MR. KEARNS: I asked her whether she had ever seen such a letter from Mr. Frank to her husband. She said that she was very, very vague about it, but she said that there was—and you may examine her—and I wish to call her to the stand—she said that there was such a letter in their metal box and that they did not have it or that they could not find it after they had made the move, which Mr. Klein was going to talk about. And I believe on the basis of newly discovered evidence I should allow or I should be allowed to have Mrs. Klein testify as to the existence of that letter. She cannot testify as to the contents except other than she believed that it was signed by Mr. Frank and that it said something about 65,000 shares of stock. And I believe that that corroborates the plaintiff's testimony.

I believe that based upon a written letter, the five year statute applies. I believe this is material. I believe this is applicable. The only thing I had to go on was Plaintiff's Exhibit 1 for Identification, being the letter from Mr. Frank. This is the letter Mr. Frank wrote to Mr. Weiss. And I was basing that on solely as a third party beneficiary contract.

But I do want to tender this proffer of the existence of this letter. (Transcript, pp. 187–188).

**5.** June 11, 1969

William Weiss, Esq.
6 East 43rd Street
New York, New York
 Re: Fallon Smith
 Corporation Stock.
Dear Bill:
Enclosed please find Stock Certificates numbered 10346 through 10370, each in the amount of 1,000 Shares, totalling 25,000 Shares.
You are requested to hold these Certificates in escrow pending receipt of confirmed sales of Fallon Smith Stock. The proceeds representing the sales are to be remitted to your Trust Account for the benefit of Michael Hellerman and Leon Klein.
From the first proceeds received Mr. Hellerman is to receive the sum of $40,000.00. Thereafter, you are authorized, and instructed, to remit one-half of the proceeds received to Mr. Hellerman, and the other half of the proceeds received to Leon Klein, in care of this office.
We have, in escrow, 130,000 Shares, of which the aforedescribed 25,000 Shares is a part, and will forward Certificates to you in lots of 25,-000 Shares consistent with the understandings, and agreement, of our respective clients.
Kindly sign a copy of this letter, for our files, acknowledging your acceptance of the escrow arrangement.
 Sincerely,
RRF/pf
Via Air-Mail,
 Certified, Return
 Receipt Requested

**6.** Defendants' Exhibit 51 for Identification.

 In granting defendants' motion for an involuntary dismissal at the conclusion of the plaintiff's case the Court held that this action was barred by the applicable Florida statute of limitations.[7] In this diversity action the Court was clearly correct in looking to the forum's choice of law rules [8] and thus to its rules regarding the applicable statute of limitations; [9] the trial court did not err in applying the Florida Statute in the factual context of this case.[10] The lower court's determination that plaintiff's cause of action accrued in December, 1969, and that the statute of limitations began to run at that time is affirmed.[11]

 Plaintiff insisted that the letter set forth in Note 5, *supra,* is a written contract, of which he is a third-party beneficiary, and upon which this action was founded; thus, he contended, this action was timely commenced within the five-year statute of limitations.[12] The short answer to this contention is that such letter obviously does not contain a contract to do anything for the nonperformance of which

the action was brought. The court below was eminently right in concluding that since resort to oral testimony was compelled to make complete the showing of any legal liability incurred by the defendant arising out of such letter, the three-year statute of limitations was applicable.[13]

 At trial plaintiff also relied upon the letter from Frank, dated prior to June 11, 1969, referred to hereinabove, as evidence of "a contract, obligation or liability founded upon an instrument of writing" to bring his action within the five-year statute of limitations.

On direct examination, after testifying that the original had been lost, the Court sustained objections to questions designed to elicit his testimony as to the contents of such letter "because the letter would be the best evidence." [14] On the following day, after the examination of plaintiff had been completed, the trial judge properly reversed his ruling.[15] The lower court prudently relied upon the generally accepted rule that if

7. *Florida Statute* 95.11 provides in pertinent part:
 Actions other than those for the recovery of real property can only be commenced as follows:
 \* \* \* \* \* \*
 (3) Within five years.—An action upon any contract, obligation or liability founded upon an instrument of writing not under seal.
 \* \* \* \* \* \*
 (5) Within three years.—
 \* \* \* \* \* \*
 (e) And an action upon a contract, obligation or liability not founded upon an instrument of writing . . . .

8. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

9. *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Gillies Aeronaves de Mexico, S. A.,* 468 F.2d 281 (5th Cir. 1972), cert. denied 410 U.S. 931, 93 S.Ct. 1375, 35 L.Ed.2d 594 (1973).

10. *Van Deren v. Lory,* 87 Fla. 422, 100 So. 794 (1924); *Brown v. Case,* 80 Fla. 703, 86 So. 684 (1920).

11. *Moynihan v. Elliott,* 211 F.2d 723 (5th Cir. 1954); *Vilord v. Jenkins,* 226 So.2d 245 (Fla. App.2d Dist. 1969); *Special Tax School District*

No. 1 v. Hillman, 131 Fla. 725, 179 So. 805 (1938); *Nuveen v. City of Quincy,* 115 Fla. 510, 156 So. 153 (1934); *Bourne v. State Bank of Orlando & Trust Co.,* 106 Fla. 46, 142 So. 810 (1932).

12. *Florida Statute* 95.11(3).

13. *Webb v. Powell,* 87 F.2d 983 (5th Cir. 1937); *Gulf Life Ins. Co. v. Hillsborough County,* 129 Fla. 98, 176 So. 72 (1937); *Johnson v. Harrison Hardware & Furniture Co.,* 119 Fla. 470, 160 So. 878 (1935).

14. TR. 137–140.

15. The Court stated for the record:
 However, I found a recent General Motors case which appears to say that where there is a satisfactory showing that a copy could not be found, that oral testimony might be admitted, parol evidence might be accepted as to its contents.
 Now, I rejected that testimony yesterday . . . . My disposition at this time is that I should permit, at this stage, Mr. Klein to testify . . . . I should permit him to testify as to the contents of an alleged agreement between him and Mr. Frank . . . ." TR. 183.

the party relying upon the writing can prove that a writing existed and has been lost or destroyed, he is relieved of the burden of producing the original and can present secondary evidence of its contents. *See McCormick on Evidence,* §§ 229–240 (2d ed. 1972), and Rule 1004, Federal Rules of Evidence. Thereafter, plaintiff was not recalled and there was no proffer of his testimony with respect to the contents of the lost letter.[16]

Had the lower court made the findings required by Rule 41(b), FRCP, a painstaking review of the record on appeal might have been obviated. The record contains no evidence of any contract, obligation or liability founded upon an instrument in writing within the ambit of the five-year statute of limitations. Thus the colloquy between court and counsel in which the Court expressed the opinion that even though secondary evidence might establish the existence and contents of a lost written contract the three-year statute of limitations would nevertheless apply is irrelevant to this appeal. That may or may not be the law of Florida. We neither express nor imply a gratuitous opinion.

The judgment is due to be and is

AFFIRMED.

---

16. The proffer as to plaintiff's wife reproduced prove the contents of such letter.