AMOCO PRODUCTION COMPANY et al., Plaintiffs,

v.

The UNITED STATES of America et al., Defendants.

No. C 76-19.

United States District Court, D. Utah, C. D.

Sept. 8, 1977.

Leonard J. Lewis, Gerald R. Miller, Stephen J. Sorensen and Alan L. Sullivan, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for plaintiffs.

Ramon M. Child, U. S. Atty., and Brent D. Ward, Asst. U. S. Atty., Salt Lake City, Utah, for defendants United States of America, U. S. Department of Interior, Bureau of Land Management, and U. S. Geological Survey.

Peter J. Wall, of Burns & Wall, Denver, Colo., and Robert G. Pruitt, Jr., Salt Lake City, Utah, for defendants Colorado Energetics, Inc., Industrial Energy Corp., L. Clark Kiser.

James B. Lee and Daniel M. Allred, of Parsons, Behle & Latimer, Salt Lake City, Utah, for defendants American Quasar Petroleum Co., American Quasar Petroleum Co. of New Mexico, Canadian-American Resources Fund, Inc., American Quasar New Mexico Partnership No. 113, American Quasar New Mexico Partnership No. 213, Canadian-American Resources Fund Limited Partnership 1973–1, Canadian-American Resources Fund Limited Partnership 1973–2, Canadian-American Resources Fund Limited Partnership 1973–3, Stellar Financial Corporation, Peter A. MacQueen, Trustee for the Use and Benefit of the Fort Worth National Bank, The Fort Worth National Bank, and North Central Oil Corp.

John W. Horsley, Hardin A. Whitney and Reid E. Lewis, of Moyle & Draper, Salt

Lake City, Utah, for defendants John R. Anderson, Beverly Lasrich, and Flying Diamond Oil Corp.

Dee J. Kelly, Fort Worth, Tex., Claron C. Spencer and Richard E. Danley, Jr., of Senior & Senior, Salt Lake City, Utah, for defendant Bass Enterprises Production Co.

William J. Cayias, Salt Lake City, Utah, for defendants Newton Sheep Co., Eugene Newton, Edna Elliott Newton, Roy Jacobson and Ann N. Jacobson.

ALDON J. ANDERSON, Chief Judge.

On July 6, 1977, plaintiffs filed a motion for summary judgment supported with memoranda filed on July 6 and August 10, 1977. Certain defendants in the action submitted memoranda opposing plaintiffs' motion on July 29 and August 15, 1977. On August 16, 1977, oral argument on the motion was had before the court and the court, deeming itself fully advised on the matters presented, is prepared to rule on the motion.

The present action is an action to quiet title to certain mineral interests in real property in Summit County, Utah, known as the Newton Ranch. The relevant facts are set forth in plaintiffs' memorandum filed with the court on July 6, 1977 (Plaintiffs' First Memorandum). They show that the subject property was conveyed by warranty deed to the Federal Farm Mortgage Corporation (FFMC) on July 22, 1941, and that FFMC, by special warranty deed dated February 5, 1942, in turn conveyed the property to Hyrum J. and Florence E. Newton. It is the content of the latter deed to the Newtons that is the subject of dispute between the parties and the matter upon which the present controversy turns. The immediate problem is that the original and all executed copies of this deed are no longer in existence.

Plaintiffs maintain the deed from FFMC to the Newtons did not contain a reservation of oil, gas or mineral rights in FFMC. Thus the Newtons took all interest in such minerals, which was later leased to plaintiffs. Plaintiffs argue that even if FFMC did reserve a mineral interest in its convey-ance to the Newtons, the reservation was not recorded and, consequently, defendants must bear the risk of loss. Defendants, however, claim that FFMC reserved a fifty percent mineral interest in the subject property by virtue of a reservation clause in the FFMC–Newton special warranty deed, and that this fifty percent interest was conveyed to the United States, defendants' predecessor in interest, by a 1957 quitclaim deed from FFMC to the United States covering mineral interests "heretofore excepted and reserved" by FFMC. Defendants assert plaintiffs are not good faith purchasers with respect to the mineral interests and, hence, are not entitled to protection under the relevant recording statute.

The central and controlling issue presently before the court is whether or not FFMC in fact reserved the alleged mineral interest in the Newton Ranch. If there were such a reservation the recording problem would arise and the plaintiffs, depending upon the outcome of the recording issues, possibly may share the mineral interests with various of the defendants. On the other hand, if there were no such reservation, the recording issues would be irrelevant and plaintiffs would take their claimed mineral interests free from the claims of the defendants that are claiming mineral interests through the United States.

In the absence of the original 1942 deed and any executed copies thereof, the parties have offered various forms of evidence to prove the contents of the crucial document. Plaintiffs rely upon the record of the 1942 deed in the Summit County Recorder's office and argue that the record is the "*only* admissible documentary evidence of the contents of that deed . . . ." Plaintiffs' First Memorandum at page 6 (emphasis in original). This record of the deed neither contains nor indicates a reservation of any mineral interest. To rebut the effect of the recorded version of the deed, defendants argue that the County Recorder could have made a mistake in recording the deed and offer the following: first, evidence of a practice by FFMC reserving mineral interests in most or all of the prop-

erty deeded by it during the relevant time period, with the inference that FFMC in fact reserved such a mineral interest in the 1942 deed to the Newtons; and, second, a copy of a conformed copy of the original of the 1942 deed maintained in government files.[1]

■ Because the original 1942 deed and all executed copies thereof are apparently lost or destroyed, other evidence is admissible to establish the contents of the deed. Rule 1004(1), *Federal Rules of Evidence; Klein v. Frank,* 534 F.2d 1104 (5th Cir. 1976). With respect to such other evidence offered by plaintiffs, it is clear that the certified copy of the 1942 deed as recorded in the Summit County Recorder's office is admissible and constitutes highly probative evidence of the content of the deed. See Rules 803(14) and 1005, *Federal Rules of Evidence.* As stated in the Notes of the Advisory Committee on the Proposed Federal Rules of Evidence with reference to the hearsay exception for records of documents purporting to establish or affect an interest in property, "Under any theory of the admissibility of public records, the records would be receivable as evidence of the contents of the recorded document, else the recording process would be reduced to a nullity." Since it is undisputed that the Summit County Recorder's record of the 1942 deed neither contained nor reflected a reservation of any mineral reservation on the part of FFMC, the critical inquiry for the present motion is whether defendants offer any admissible evidence which creates a genuine issue of fact that would preclude the granting of plaintiffs' motion for summary judgment. Although defendants have expended considerable effort in attempting to demonstrate the existence of a mineral reservation in the 1942 deed, it is the opinion of this court that the defendants have not tendered admissible evidence that raises a genuine issue of fact regarding the existence of the alleged reservation.

■ First, on page four of defendants' memorandum opposing summary judgment, defendants state in reference to the recorded version of the 1942 deed that, "Whether the record so made was accurate is the factual issue of the lawsuit." As the basis of their argument of possible mistake, defendants suggest that the Summit County Recorder could have made a mistake in the recording of the deed by failing to lift a paper flap that might have been attached to the deed. However, in light of the deposition of the Summit County Recorder who recorded the FFMC–Newton deed, Stella Mae Winters, and the recording procedures disclosed therein, defendants' argument is speculative at best. Mrs. Winters stated that all deeds submitted to her for recording were recorded by typing and were meticulously proofread word for word by Mrs. Winters and a responsible staff member. As each step of the recording procedure was completed, a check was placed in the appropriate area of a stamped area that was placed on the deed to insure that proper recording procedure was observed. Deposition of Stella Mae Winters, February 7, 1977, at pp. 7–13. Apparently defendants' contention is based on the fact that Mrs. Winters sometimes did not record all that appeared on the face of a deed (e. g., a stationer's or printer's name or a form number) and on the admission of Mrs. Winters that it was *possible* she could have made a mistake in recording the deed since she is "only a human being." Winters Deposition at p. 15. It is the opinion of the court that defendants' contentions which merely raise unlikely possibilities are "flimsy" allegations "insufficient to sustain a justiciable controversy requiring the submission thereof." *Schreffler v. Bowles,* 153 F.2d 1, 3 (10th Cir. 1946). Defendants' contentions in this respect are not supported by the evidence, and no evidence other than the

---

1. Defendants have also offered the 1957 quitclaim deed as evidence, but this deed was a nullity by reason of matters appearing of record in the Summit County Recorder's office and, in any event, the document is not probative of the content of the 1942 deed in issue. In addition, defendants allege that certain official land office plats or indexes reflect a mineral reservation in the federal government. The court, however, has seen no evidence supporting this allegation or the inference defendants wish to be drawn therefrom.

evidence presently available could be produced to bolster their argument.

■ Second, with regard to FFMC's alleged practice of reserving mineral interests, evidence of the practice offered to prove the content of the 1942 deed is inadmissible in the present case. Although evidence of a routine practice is generally admissible, under Federal Rule of Evidence 406, Rule 1005 precludes the admission of the FFMC practice. "Rule 1005 provides a limited exception to the best evidence rule by permitting the admission of a copy of . . . ." a document that has been properly recorded. 5 *J. Weinstein & M. Berger, Evidence: United States* Rules ¶ 1005[01] at p. 1005–3 (1975) (hereinafter "Weinstein"). When a properly recorded copy is available as evidence, no other evidence of lesser dignity is admissible. Rule 1005, *Federal Rules of Evidence.* As Judge Weinstein and Professor Berger have stated, "Only if both the original and a Rule 1005 copy are unavailable may other evidence be used." *Weinstein* at ¶ 1005[06], p. 1005–12. The recorded version of the 1942 deed offered by plaintiffs was properly recorded in accordance with Utah recording statutes and procedure and the copy has been properly authenticated. Thus, the FFMC practice which is outside of the evidence allowed by Rule 1005 is inadmissible to prove the content of the FFMC–Newton deed.[2]

■ Third, defendants have produced a document which they have identified as a "copy of the folder copy of the Standard Special Warranty Deed Form 657 (Rev. 1–41) used by the Federal Farm Mortgage Corporation in the 1942 transfer to Hyrum and Florence Newton." Answer to Plaintiffs' First Set of Interrogatories (September 28, 1976). This document is *not* a photocopy of the original deed, but apparently is a photocopy of a conformed copy of the deed. The document does not contain a mineral reservation clause, but it does con-

tain a twelve-word sentence fragment which evidently constitutes the last twelve words of the standard mineral reservation clause. According to defendants, the type of form and the standard clause indicated in the document demonstrate that the original 1942 deed in fact contained the alleged mineral reservation clause. The document, however, is not admissible as evidence of the content of the original deed since it has not been and is apparently incapable of being properly authenticated and since, in any event, is inadmissible.

■ Both the Federal Business Records Act, 28 U.S.C. § 1732, and Rule 1005, *Federal Rules of Evidence,* require appropriate authentication of documents to assure the authenticity, accuracy and reliability of the documents. Two circuit courts of appeals have recently indicated the type of authentication necessary under the act invoked by defendants. In *United States v. Leal,* 509 F.2d 122, 127 (9th Cir. 1975), the court stated that:

> Under the federal Business Records Act the person who actually makes the records need not testify, but the requisite foundation for their admission must be laid through the testimony of someone who is sufficiently familiar with the practices of the business involved to testify that the records were made in the regular course of business and thus, to verify their authenticity.

Similarly, the court in *United States v. Blake,* 488 F.2d 101, 105 (5th Cir. 1973) stated:

> Liberal as we are to the fullest use of 28 U.S.C.A. § 1732, there are two prerequisites both of which are to be demonstrated to permit admission of business records. First, the Federal Business Records Act states that the offeror must establish that the records were kept in the regular course of business. [Citations

---

**2.** As noted earlier in this opinion, the implication of defendants' evidence of FFMC's practice is that in every one of FFMC's transactions within Utah FFMC retained a fifty percent mineral interest. Plaintiffs, however, have produced two special warranty deeds from FFMC exe- cuted during the relevant time frame in which the form reservation clause was deleted. Thus, even if the practice were admitted into evidence, the probative force of the evidence would be somewhat weakened.

omitted]. Secondly, testimony must be given by a custodian adequately authenticating the record's accuracy and explaining the efforts employed to ensure this accuracy.

The document presently in question was found in a case file of the Bureau of Land Management. The original source of the document was the now defunct FFMC. The document has not been authenticated, and defendants do not suggest that any living employee of FFMC has the personal knowledge to authenticate the conformed copy; and in light of the time and organizational considerations involved, it is highly unlikely that such a person could be found. Without proper authentication, the document is inadmissible.

■ Even if the copy of the conformed copy of the original deed offered by defendants were authenticated, the document would still be inadmissible. The copy offered does not contain the most critical part of the purported original: the mineral reservation clause. Rule 1003, *Federal Rules of Evidence,* provides that, "A duplicate is admissible to the same extent as an original unless . . . in the circumstances it would be unfair to admit the duplicate in lieu of the original." The Advisory Committee's Note to Rule 1003 states in part:

> Other reasons for requiring the original may be present when only a part of the original is reproduced and the remainder is needed for cross-examination or may disclose matters qualifying the part offered or otherwise useful to the opposing party.

*Accord, Weinstein* at ¶ 1003[01], p. 1003–6. The document offered contains a sentence fragment and no reservation clause. The original conformed copy and the copy of it are, according to defendants' own line of argument, only a part of the original (i. e., the original 1942 deed). The alleged remainder (i. e., the alleged undisclosed reservation clause) would qualify "the part offered or otherwise useful to the opposing party." Thus, in view of the above, it would be unfair to admit the copy of the conformed copy.

Defendants may suggest that various of the items offered by them as evidence are admissible as public records under Rule 1005 and, thus, are of dignity equal to the evidence offered by plaintiffs. As the court has endeavored to point out, however, these items are not "otherwise admissible" as Rule 1005 requires them to be.

In short, plaintiffs have produced admissible evidence showing that no reservation clause existed in the 1942 deed at issue, while defendants have produced evidence showing merely that a reservation clause *might* have existed, but have produced no admissible evidence creating a genuine issue of fact as to whether the *particular* 1942 FFMC–Newton deed in fact reserved to FFMC a mineral interest in the subject property. In view of the court's disposition of this issue, it is unnecessary to address the recording questions presented and briefed by the parties.

In defendants' memorandum opposing plaintiffs' motion for summary judgment and in the hearing before the court on the motion, defendants have urged that the instant action is not ripe for summary judgment because of the complexity of determining the respective alignments and interests of the many parties to the action. As plaintiffs have pointed out in their second memorandum and in the hearing before the court, however, the determination of such matters is irrelevant to the present motion for summary judgment. The interested parties may request the appropriate hearings before the court to resolve the remaining issues.

Wherefore,

IT IS HEREBY ORDERED that plaintiffs' motion for summary judgment is granted.