DANIEL S. PEARSON, Judge.
Whether Mrs. Bolling, as she asserted, made a loan of $22,800 to Gilbert O’Neal in 1972 or, as O’Neal asserted, Mrs. Bolling gave him this money as a gift, was most clearly an issue which could not be resolved by a summary judgment where the sole undisputed fact is that O’Neal received the money. Even if, arguendo, the trial court premised the summary judgment on the theory that any gift was presumptively invalid because O’Neal occupied some fiduciary relationship with Bolling, see, e.g., Crane v. Stulz, 136 So.2d 238 (Fla. 2d DCA 1961), the material facts concerning the relationship were in dispute; and, in any event, this presumption of invalidity may be overcome by showing the fairness and *1172 validity of the gift, matters which were also in dispute.
Accordingly, we must reverse that part of the judgment in Bolling’s favor which awarded her $2,800 with interest at seven per cent commencing December 13, 1972, and $20,000 with interest at seven per cent commencing December 26, 1972. We affirm that part of the judgment, conceded by O’Neal to be based on an unrepaid loan, which awards Bolling $5,000 with interest at seven per cent per annum commencing December 4, 1972, and which denies Bolling attorneys’ fees on her claim.
Affirmed in part; reversed in part, and remanded for trial.[1]

. Since the case is remanded for trial, we note for the future guidance of the trial court that Mrs. Bolling’s recently-fashioned typed likenesses of the $2,800 and $20,000 promissory notes are not duplicates as defined by Section 90.951(4), Florida Statutes (1981). See Law Revision Council Note (1976) (manually reproduced copies, as by typing or handwriting, are excluded from the definition [of duplicate]). The Advisory Committee Note to Federal Rule of Evidence 1001(4) provides that: “Copies subsequently produced manually, whether handwritten or typed, are not within the definition [of duplicate].” (emphasis supplied). If the trial court is satisfied with Bolling’s predicate proof that the originals are lost and no duplicates ever existed, it may allow Bolling to establish the contents of the notes in the manner provided in Section 90.954, Florida Statutes (1981), which may be by oral testimony. See United States v. Standing Soldier, 538 F.2d 196, 203 (8th Cir.), cert. denied, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976); Klein v. Frank, 534 F.2d 1104, 1107 (5th Cir. 1976); see also Action Fire Safety Equipment, Inc. v. Biscayne Fire Equipment Company, Inc., 383 So.2d 969 (Fla. 3d DCA 1980).